MAYURKA, The. See Case No. 1,175.

MAZANGE (ESLAVA v.). See Case No. 4,-527.

---

## Case No. 9,362.

### MAZE v. MILLER.

[1 Wash. C. C. 328.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

PAYMENT—RECEIPT—EFFECT OF—NOTES—RECEIVED IN SATISFACTION—NOTICE.

1. A receipt for so much money, is only evidence of a payment, which may be explained by parol, or other proof.

[Cited in Frick v. Algeier, 87 Ind. 256. Approved in Ryan v. Rand, 26 N. H. 15. Cited in Kelly v. Perseverance Bld'g Ass'n, 39 Pa. St. 151.]

2. If the payment acknowledged in the receipt, turn out to be a note, bill, or the like: and, if the same were not paid or received in satisfaction, and turn out unproductive, it is no payment.

[Cited in Re Hurst, Case No. 6,925.]

[Cited in First Nat. Bank of Pueblo v. Newton, 10 Colo. 161, 14 Pac. 433; Frick v. Algeier, 87 Ind. 256.]

3. In order to make such bill or note a payment, it is necessary that it be received in satisfaction, and the receiver to run all risks; or, where the receiver has made it his own, by neglecting to give notice.

A rule was obtained to set aside an execution issued against the defendant, upon the ground, that the judgment was satisfied by a note of hand, given by the defendant, with an endorser, and a receipt by the plaintiff's

attorney in fact, endorsed on the power of attorney, and given up to defendant, as follows: "Received from J. Miller, the sum of 1177 dollars, being in full, including costs and expenses of property he sold in Alexandria, belonging to J. Maze."

The note when it became due, having been protested, and the defendant having become insolvent, the plaintiff sued out execution of the judgment, to set aside which this motion was made. The affidavit of the plaintiff's attorney, proves that he did not receive the note as a satisfaction of the debt or judgment, and that it was not paid as such, or so intended by defendant, as he believes; and that no agreement was made, tending to show such an intention. The defendant's attorney stated, that when the negotiation was made, respecting the note, he never thought upon the subject, whether the payment was to operate as a satisfaction, or merely as a collateral security.

WASHINGTON, Circuit Justice. After stating the above facts, the rules of law applicable to this case are, that the receipt of so much is only evidence of a payment and satisfaction, and may be explained by parol, or other evidence. This was gone into, and we find that the note was neither paid nor received as satisfaction; but, to constitute a good plea of accord and satisfaction, both should be averred. The plaintiff, then, received a note, which proved unproductive; and it is clear, that it was no satisfaction of this debt, or a discharge of the judgment, unless it were received as such, and the party agreed to run all risks; or, by his after conduct, made it his own. Rule discharged.

See Carth. 238, note. A receipt in full, with full notice, is a discharge. Esp. 174, cited by the counsel, in favour of this motion.