(5 App. Div. 373.)

LESTIENNE et al. v. ERNST et al.

(Supreme Court, Appellate Division, First Department. May 22. 1896.)

Accord and Satisfaction—Part Payment of Unliquidated Claim.

Plaintiffs sold goods to defendant, and sent a bill therefor. Defendant insisted that he was entitled to certain deductions, and sent plaintiffs a check for the amount of the bill less such deductions. Plaintiffs refused to receive the check, and defendant delivered it to a bank, and notified plaintiffs that it was at their disposal. Afterwards plaintiffs accepted the check, and wrote defendant that they accepted it, "subject to the settlement of the matters now in dispute." *Held* that, plaintiffs' claim being unliquidated, the acceptance of the check was a satisfaction of the claim. Ingraham, J., dissenting. Nassoiy v. Tomlinson, 42 N. E. 715, 148 N. Y. 326, applied.

Appeal from circuit court, New York county.

Action by Voldemar Lestienne and others against Max Ernst, impleaded. The complaint was dismissed, and plaintiffs appeal. Affirmed.

This action was brought to recover $347.10, a balance due for goods sold and delivered. The answer denied that, under any circumstances, the unpaid balance amounted to as much as $347.10, and further pleaded accord and satisfaction, upon which plea this action was determined. The firm of Lestienne, Labbe & Co., composed of the plaintiffs and one Labbe, dissolved partnership June 30, 1890, when the present firm of Lestienne Frères, composed of the plaintiffs, was organized. The goods in respect to which the action was brought were billed to the defendants, as shown by the invoice, as of August 7, 1890, to wit, 1069 yards, @ $1.85=$1,977.65. The respondents claim that the transportation relating to their sale took place in May, 1890, the agreement being for a delivery of the same between the date of the sale and October 1, 1890. Upon a demand for the $1,977.65 in January, 1891, the defendants insisted that they were entitled to an offset in the sum of $150, claimed as damages upon a sale made by the former firm of Lestienne, Labbe & Co., also a trade discount of $134.70, upon the last invoice, and an additional sum of $8.95, representing interest for anticipated payment; and that, therefore, their indebtedness was only $1,630.55. It was conceded upon the trial that the former amount was incorrect, in that the defendants were entitled to the allowance claimed by them for the trade discount, and the additional sum for interest. On January 8, 1891, defendants sent to plaintiffs their check on the Columbia Bank for the sum of $1,630.55, tendering it as full payment. The plaintiffs rejected the tender, and refused to receive the check as full payment, returning it to one of the defendants, who thereupon delivered the check into the custody of the Columbia Bank, and at once notified the plaintiffs that it lay there at their disposal, and subject to their order. The check so remained in the bank until the 19th of March, 1891, when the plaintiffs concluded to receive it, and sent one of their clerks to the bank, who asked for and obtained it; and on the same day plaintiffs wrote to the defendants: "We will now accept the same, subject to the settlement of the matters in dispute between you and Mr. Wormser."

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

James Dunne, for appellants.

David Leventritt, for respondents.

O'BRIEN, J.   The ground taken by the learned trial judge was that the acceptance of the check by plaintiffs was an accord and satisfaction of the debt in dispute, and the question upon this appeal is as to the correctness of such ruling.   According to the complaint, the demand was for $347.10; but, irrespective of the defendants' claim for the $150, it was conceded upon the trial that this amount was subject to a reduction of $143.65, being the trade discount and the sum representing interest for anticipated payment.   This becomes important upon the question as to whether the demand was liquidated or unliquidated.   If the former, the mere tender of a check for a smaller amount than was called for by the terms of the invoice, in full satisfaction thereof, the refusal to accept the same by plaintiffs on such conditions, the depositing of the check in the Columbia Bank, and its remaining there for two months, and its subsequent acceptance, as set forth in plaintiffs' letter, would not furnish the essential elements of a valid agreement to relinquish the remainder of the claim.

As said in Fuller v. Kemp, 138 N. Y. 237, 33 N. E. 1034:

"Where the demand is liquidated, and the liability of the debtor is not in good faith disputed, * * * the acceptance of a less sum than is the creditor's due will not of itself discharge the debt, even if a receipt in full is given."

If, on the other hand, the amount was unliquidated, the sending of a check, coupled with a condition that it should be received in full payment, and its subsequent receipt by the plaintiffs, and their using it without an assent on the part of the defendants to any change in the conditions upon which it was given, would constitute an accord and satisfaction.   "Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment, and not by him that accepteth it." Pinel's Case, 5 Coke, 117, quoted with approval in Nassoiy v. Tomlinson, 148 N. Y. 326, at page 331, 42 N. E. 715.

As said in the latter case:

"An accord and satisfaction requires a new agreement, and the performance thereof.   It must be an executed contract, founded upon a new consideration. * * * If the claim is liquidated, the mere acceptance of a part, with the promise to discharge the whole, is not enough, for there is no new consideration.   If the claim is unliquidated, the acceptance of a part, and an agreement to cancel the entire debt, furnishes a new consideration, which is found in the compromise.   A demand is not liquidated even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as 'unliquidated,' within the meaning of that term as applied to the subject of accord and satisfaction."

We cannot see any distinction between that case and the one at bar.   There the defendants sent to plaintiff a check for $300 to pay him a commission on a sale, and inclosed a check which read, "In full of commissions," which plaintiff was to sign and return.   The latter immediately wrote, stating, "I don't know what you mean by sending me a check for $300," but retaining the check, and saying that his claim was $1,500.   After hesitating for five months, he used the check, and sent the defendants a receipt on account, writing them that he claimed a balance, which the defendants repudiated by

insisting that the check which they had sent was in full. Here, the defendants, upon receipt of the letter notifying them that the plaintiffs had taken the check, and intended to receive it subject to the adjustment of the amount in dispute, did not reply, and in this respect there is a difference between the facts in the two cases; but we do not see that this makes any difference in the principle, because that letter was sent upon the very day that the check was taken from the Columbia Bank and used by the plaintiffs; and, as said in the opinion from which we have already quoted, in speaking of the effect of the letter there sent by the plaintiff after he had taken and used the check, and claimed the balance:

"This declaration was ex post facto, and could have no effect unless acquiesced in by the defendants; but they promptly disclaimed, and insisted that their debt was paid. We think that the undisputed evidence shows conclusively that the offer was made in settlement of the claim, and that the plaintiff so understood it, when, by using the check, he accepted the offer."

So here the undisputed facts are that a check for an unliquidated amount was tendered as payment in full, and was so understood by the plaintiffs, and their subsequently taking the check which was deposited upon such a condition, and using it, was conclusive upon them, because they could not take a check upon which a condition was imposed, and relieve themselves of such condition by writing at the very time that they had used the check a letter saying that they accepted it, subject to the adjustment of the amount in dispute; and, as they never obtained the consent of the defendants to such a modification of the condition under which the check was tendered and deposited, they must be held to have accepted and used it cum onere.

Certain exceptions were taken to rulings upon evidence, but none of them are very material as bearing upon the question of accord and satisfaction, and those that have such bearing were not harmful, because, upon what must be regarded as the conceded facts, we think the judge below, following Nassoiy v. Tomlinson, supra, correctly disposed of the question of law.

The judgment, therefore, should be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY and WILLIAMS, JJ., concur.

INGRAHAM, J. (dissenting). The complaint was dismissed on the ground that the receipt by the plaintiffs of the defendants' check to the order of the plaintiffs, and which had been deposited in the Columbia Bank, subject to the plaintiffs' right to take it in full satisfaction of the claim made by the plaintiffs against the defendants, was an accord and satisfaction, whereby a new agreement between the parties was substituted for the former agreement, and a satisfaction of the plaintiffs' claim.

The foundation of an accord and satisfaction consists in the substitution of a new agreement between the parties in satisfaction of such contract or cause of action, and an execution of the latter agreement. See 1 Am. & Eng. Enc. Law (2d Ed.) p. 408. And, unless the new agreement between the parties is a mutual agreement, there-

can be no accord; and, unless such new agreement is executed, there is no satisfaction.   Thus, to establish an accord and satisfaction, it must be shown that there was a new agreement by which the minds of the parties met, and that such new agreement had been executed.   It is now settled that, where the demand is unliquidated, the acceptance of a part, and an agreement to cancel the entire debt, furnish a new consideration, which is found in the compromise; that a demand is not liquidated even if it appears that something is due, unless it appears how much is due, and when it is admitted that one of two specific sums is due, and there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction.   See Nassoiy v. Tomlinson, 148 N. Y. 330, 42 N. E. 715; Fuller v. Kemp, 138 N. Y. 236, 33 N. E. 1034.

The demand in this case was clearly "unliquidated" within this definition, the principal dispute being as to whether these goods were sold at the price of $1.80 a yard, or $1.85 a yard, and the claim by the defendant that he was entitled to a credit of $150 on account of a breach of warranty in regard to some of the goods sold by plaintiffs to defendants.   When the defendants sent their check to the plaintiffs for $1,630.55, in full payment of the account, if the plaintiffs had accepted that check upon the conditions accompanying it, there would have been, within the authority of the cases last cited, an accord and satisfaction, a new agreement having arisen by the acceptance by the plaintiffs of the check upon the condition on which it was tendered, and thus the former cause of action extinguished.   The plaintiffs, however, refused to accept the check, returned it to the defendants, and the defendants then deposited it with the Columbia Bank, subject to the order of the plaintiffs.   So far there had been no accord, and the rights of the parties had not been varied.   When the plaintiffs, on March 19th, took the check from the bank, it was with an express notice to the defendants that they then accepted it "subject to the settlement of the matters in dispute between you and Mr. Wormser."   That was a distinct notice to the defendants that they accepted the check subject to a settlement of the disputed question as to whether the balance was due or not.   It was not an unqualified acceptance of the check upon the terms and conditions upon which it had been tendered.   To that letter the defendants made no reply, thus acquiescing in the conditions upon which the plaintiffs had accepted the check.   There was thus no accord.   The minds of the parties did not meet upon the new agreement; but, although the check was accepted, it was accepted upon the express condition that it should be subject to the settlement of the dispute then existing.   If the defendants had at once notified the plaintiffs that the check had only been tendered to them and left with the Columbia Bank upon condition that it should be received in full payment, and that they could not assent to any other application of the money, it would then have been the duty of the plaintiffs to have either returned the check and the money, or retained it subject to that condition.   No such notice was given, and from

defendants' remaining silent it must be presumed that they assented to the use which the plaintiffs had made of the check. ·

Thus, in Fuller v. Kemp, supra, where the defendant had sent to the plaintiff a check stating that it was to be in full satisfaction of the plaintiff's claim, and the plaintiff had retained the check, but at the same time sent a new bill to the defendant, containing the original charge, and crediting upon it the amount of the check received, the court say:

"Had he then remained silent, it might have been presumed that he assented to the use which the plaintiff had made of the check, and in time he would have become bound to pay the balance as upon an account stated."

And in Nassoiy v. Tomlinson, supra, where a check sent in full payment of an unliquidated demand had been retained by the plaintiff for several months, and then used, but plaintiff sent the defendants a receipt on account, writing that he then claimed the balance, the court say:

"This declaration was ex post facto, and could have no effect unless acquiesced in by the defendants; but they promptly disclaimed, and insisted that their debt was paid."

Thus, the essential element in the agreement of the parties in both of the cases cited consisted in the retention of the check, or proceeds thereof, after a distinct statement by the defendants that they insisted upon the terms of the tender of the check to the plaintiff.    This case is wanting in this essential element.    Here the plaintiffs received a check, but with a distinct notice to the defendants that they received it not upon the terms that it had been tendered, but subject to a settlement of the dispute as to the balance of the debt.    Had the defendants wished to insist upon the terms of the tender of the check, or the conditions upon which it had been delivered, it was then their duty to say so; and, upon such an insistence, the retention of the check, or its proceeds, by the plaintiffs, would have been an acquiescence in the position taken by the defendants. Upon their failure to. do so, however, it might, at any rate, have been presumed by the jury that they assented to the use which the plaintiffs had made of the check.

The plaintiffs requested the court to submit to the jury the question as to whether there was any agreement binding upon the parties to receive in accord and satisfaction of the bill of August 7, 1890, this sum of 1,530.55.    I think that was a question for the jury, that should have been submitted; and for that reason the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.