Judgment and order reversed and new trial granted, with costs to abide the event.

---

ALFRED LINDSAY, Appellant and Respondent, v. MARY M. GAGER and FRANK P. ABBOT, as Sole Executors, etc., of O. A. GAGER, Deceased, Respondents and Appellants.

*Accord and satisfaction — when sufficiently pleaded — former adjudication in an action against the present defendant's firm — what not an election.*

In an action brought by an employee against the estate of his deceased employer to recover compensation for his services, the executors of such decedent alleged in their answer that the amount remaining due the plaintiff at the expiration of his employment was ascertained and found to be a sum stated, which sum was duly paid to him "as a full and final settlement of any and all claims" against the testator, and that the plaintiff was so informed, and, with knowledge that it was so paid, accepted and retained the money, and that such acceptance and retention of the money by the plaintiff constituted a full accord and satisfaction.

*Held,* that the answer must be deemed, under the present liberal system of pleadings, to constitute a sufficient plea of accord and satisfaction, notwithstanding the fact that it contained no allegation that there was a dispute between the parties as to the amount due the plaintiff, or that the plaintiff accepted and retained the money as an accord and satisfaction of his claim.

*Semble*, that under section 500 of the Code of Civil Procedure the allegation of all the facts requisite as proof to constitute a defense is sufficient to support an answer against attack by demurrer.

It is not a valid defense to such an action that, in a former action brought by the employee against the survivors of the firm in which the decedent was a partner, for the purpose of charging the partnership with the same claim made in the present action against the personal representatives of the deceased partner individually, the adjudication was adverse to the plaintiff, inasmuch as the individual liability of the deceased partner could not have been an issue in the former action.

A mere mistake as to which of two parties is legally liable for the plaintiff's claim does not constitute a conclusive election, unless the assertion of the cause of action against one involves the allegation of facts which are inconsistent with the maintenance of the claim against the other party.

APPEAL by the plaintiff, Alfred Lindsay, from so much of an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 17th day of June, 1896, as overrules the plaintiff's demurrer to the second defense contained in the third subdivision of the defendants' second amended answer.

Also, an appeal by the defendants, Mary M. Gager and Frank P. Abbot, as sole executors, etc., of O. A. Gager, deceased, from so much of said judgment at sustains the plaintiff's demurrer to the third separate defense contained in the fourth subdivision of the defendants' second amended answer, and to the fourth separate defense contained in the fifth subdivision of said answer.

*Frederick W. Hinrichs* and *Alfred E. Hinrichs*, for the plaintiff.

*F. B. Jennings*, for the defendants.

WILLARD BARTLETT, J.:

The allegations of the complaint, so far as it is necessary to consider them upon the present appeal, may be summarized as follows:

The defendants' testator, O. A. Gager, was the senior member of a firm consisting of himself, Frank P. Abbot and Frederick Haviland, who were engaged in the business of importing and selling chinaware in the city of New York. From about June, 1886, to about August, 1888, under an agreement with O. A. Gager individually, the plaintiff rendered services to said firm as salesman and received compensation therefor which was paid by O. A. Gager, or

by the firm at his instance. In August, 1888, the then existing agreement between Gager and the plaintiff was modified so as to provide that the plaintiff should be paid $5,000 for the year beginning July 1, 1888, and ending July 1, 1889 (instead of $2,500 a year salary which he had theretofore received), and that he should also be paid at the end of said year, when the partnership would terminate, " the same amount as the profits received by or credited any member of said firm." The salary of $5,000 was duly paid. The profits credited to Gager were $10,927.96, but the plaintiff received from or through him only $1,142.66 in addition to the $5,000 salary. The plaintiff continued to fulfill his duties under the modified agreement and was in the employ of the firm as a salesman throughout the year covered by that agreement. O. A. Gager died on October 20, 1889, and the defendants are his executors, and have in their hands sufficient assets applicable to the payment of the plaintiff's claim, no part of which has been paid.

Upon these facts, the plaintiff demands judgment for $9,785.30, being the amount credited to O. A. Gager upon the firm books for the year ending July 1, 1889, less the $1,142.30 which he paid, or caused to be paid, to the plaintiff.

We are called upon to consider the sufficiency of the second, third and fourth separate defenses which the defendants by their answer interpose to the cause of action set forth in the complaint.

The second separate defense is intended as a plea of accord and satisfaction. In it the defendants aver " that the amount remaining due to the plaintiff at the expiration of his employment by the said firm of O. A. Gager & Co., on the 30th day of June, 1889, was ascertained and found by said O. A. Gager to be the said sum of $1,142.66, and that said sum was duly paid to the said plaintiff upon the 12th day of August, 1889, as a full and final settlement of any and all claims which the said Lindsay had against the said firm, or said O. A. Gager, growing out of his connection with them. That the said Lindsay was informed by the said Gager, when said payment was made, that the same was made in full of all claims of said Lindsay, and that said Lindsay, with knowledge that said money was paid in full of all claims, accepted and retained the said sum, and that he has never restored, or offered to restore, the said sum, or any part thereof, and that, as these defendants are advised

and believe, the said acceptance and retention of the said sum by the said plaintiff constitutes a full accord and satisfaction."

The last clause which I have quoted leaves no doubt that this defense is intended as a plea of accord and satisfaction. But the plea of accord and satisfaction is fatally defective if it omits to aver in substance that the thing given or the act done in satisfaction of the claim was accepted *as such.* Blackstone, to illustrate what constitutes an accord and satisfaction, says: " As if a man contract to build a house or deliver a horse, and fail in it, this is an injury, for which the sufferer may have his remedy by action; but if the party injured accepts a sum of money or other thing *as a satisfaction,* this is a redress of that injury and entirely takes away the action." (3 Black. Comm. chap. 1, pp. 15, 16.) In pleading this bar, it is necessary to allege not only that the defendant gave the thing in satisfaction, but that the plaintiff received and accepted it in satisfaction. (*Paine* v. *Masters,* 1 Strange, 573; *Maze* v. *Miller,* 1 Wash. C. C. 328; *Young* v. *Jones,* 64 Maine, 563, 570; *Morris Canal & Banking Co.* v. *Van Vorst's Admr'x,* 21 N. J. Law, 100; *Hearn* v. *Kiehl,* 38 Penn. St. 147.) In the case last cited, WOODWARD, J., says: " The plea must allege that the matter was *accepted* in satisfaction."

Now the plea in the case at bar does not allege anything of the kind. It does say that the plaintiff accepted and retained the $1,142.66 with knowledge that said money was paid in full of all claims, but there is no averment that he accepted and retained the same in full or in satisfaction of his claim. In *Nassoiy* v. *Tomlinson* (148 N. Y. 326), which was relied upon by the learned court at Special Term as sustaining the defense of accord and satisfaction now under consideration, there was no question of pleading, but the decision turned upon the sufficiency of the evidence to establish such a defense. The defendants had sent the plaintiff a check for $300, which was all that they conceded to be due to him, with a request to sign and return an accompanying voucher which was a receipt in full. The plaintiff demanded more, but the defendants refused to pay more, and finally the plaintiff, after keeping the check seven months, indorsed it and obtained the money upon it. The court held that this course of action admitted of no inference but that the plaintiff agreed to accept the $300 in lieu of his larger

claim. The case is not an authority, however, in support of such a pleading as that before us here, but rather the contrary. I have examined the record which was before the Court of Appeals and find that the answer expressly averred that the plaintiff accepted the $300 in full settlement and discharge of his claim. (See vol. 1313, Court of Appeals Cases, in Brooklyn Law Library, *Nassoiy* v. *Tomlinson.*)

Nor is the second defense any better as a plea of payment than it is as a plea of accord and satisfaction. I was inclined to think otherwise in the course of the oral argument, but overlooked at the time the allegations of the complaint which are left undenied by this defense. Those allegations, which must be taken as true for the purposes of the demurrer, show that $9,785.30 was due and owing to the plaintiff by the defendants' testator on the 30th day of June, 1889, after the payment of the $1,142.66 mentioned in the second defense; and no fact is set up in said defense from which it can be inferred that this larger amount has ever been paid.

For these reasons, I think the plaintiff should prevail on his appeal from that part of the interlocutory judgment which overrules the demurrer to the second separate defense.

The third separate defense sets up a former adjudication adverse to the plaintiff in a suit which he brought against the survivors of the firm of O. A. Gager & Co., seeking to charge that partnership with the claim which he now makes against the personal representatives of O. A. Gager individually. I do not see how the individual liability of O. A. Gager could have been an issue in that action. The question there was whether the firm were liable. If they were not, it made no difference who was, so far as the disposition of that litigation was concerned. It seems quite clear that the court below was right in sustaining the demurrer to this defense.

The demurrer to the fourth separate defense was also properly sustained. The substance of this defense is that by bringing the suit already mentioned against the surviving members of the copartnership of O. A. Gager & Co. the plaintiff elected to treat his agreement as one made with the firm and not with O. A. Gager individually, and his claim is a claim against the firm, and not against O. A. Gager in his individual capacity, and hence that the plaintiff is

estopped from prosecuting the present action. But a mere mistake as to which of two parties is legally liable for the plaintiff's claim does not constitute a conclusive election, unless the assertion of the cause of action against one involves the allegation of facts which are inconsistent with the maintenance of the claim against the other party. (*First National Bank* v. *Wallis*, 84 Hun, 376.) Such does not appear to be the case here, and the plaintiff is, therefore, at liberty to proceed in this suit, although he failed in the suit against the firm.

The interlocutory judgment should be reversed, so far as it overrules the demurrer to the second separate defense (of accord and satisfaction), and the plaintiff should have judgment on said demurrer, with costs, with leave, however, to the defendant to amend the defense upon payment of such costs; otherwise the interlocutory judgment should be affirmed.

BRADLEY, J. :

In all respects, other than in relation to the second defense, the views of Mr. Justice BARTLETT are satisfactory. The liberal construction to which pleadings under the present system are entitled, with a view to justice between parties, seems to require the conclusion that the allegations of that defense in the answer have all the elements essential to accord and satisfaction. (Code Civ. Proc. § 519.) The alleged claim on which the action is founded is unliquidated. By way of defense the defendants allege that the amount remaining due to the plaintiff at the expiration of his employment was ascertained and found to be the sum of $1,142.66, which was duly paid to him with the information to the plaintiff that it was made in full of all claims against the defendants' testator; that he received the money with knowledge that it was paid in full of all such claims, and that he accepted and retained the money. The defendants allege by way of conclusion that such acceptance and retention of the money by the plaintiff constituted a full accord and satisfaction. It is true that no dispute between the parties as to the amount due the plaintiff from the defendants is alleged, nor is it in such terms alleged that the plaintiff received the money as an accord and satisfaction as is essential to good pleading at common law. But the facts do constitute all the elements necessary to that defense

as applied to an unliquidated claim. (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 148 id. 326; *Lestienne* v. *Ernst*, 5 App. Div. 373.)

The statutory requisite of the statement of new matter constituting a defense is that it be made "in ordinary and concise language." (Code Civ. Proc. § 500.) This provision, in view of the liberal construction in the contemplation of the statute, would seem to permit the conclusion that the allegation of all the facts requisite as proof to constitute a defense is sufficient to support an answer against attack by demurrer. (*Smith* v. *Fellows*, 26 Hun, 384; *Keteltas* v. *Myers*, 19 N. Y. 231.)

In the view taken of the matters alleged, no inferential facts essential to the defense are omitted.

The demurrer as to that defense should, therefore, be overruled.

BROWN, P. J., CULLEN and HATCH, JJ., concurred with BRADLEY, J.

Judgment affirmed, without costs to either party.