(11 App. Div. 93.)

LINDSAY v. GAGER et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1896.)

1. ACCORD AND SATISFACTION—PLEADING—SUFFICIENCY.
A plea of accord and satisfaction by accepting and retaining a certain sum with knowledge that it was paid as in full of all claims, need not allege that plaintiff accepted or retained the money in satisfaction of his claim. Bartlett, J., dissenting.

2. JUDGMENT—RES JUDICATA—MATTERS NOT IN ISSUE.
A judgment adverse to plaintiff in an action against the survivors of a firm for services rendered, is not available as a defense in an action to charge the estate of a deceased partner for such services, since the deceased partner's liability could not have been in issue in the former action.

3. ELECTION OF REMEDIES—WHAT CONSTITUTES.
One who agreed with a partner to render services to the firm does not conclusively elect to treat his agreement as with the firm by suing the survivors after such partner's death, under a mistake as to who is liable, where he alleges nothing inconsistent with his claim against the deceased partner.

Appeal from special term, Kings county.

Action by Alfred Lindsay against Mary M. Gager and Frank P. Abbot, as executor of the will of O. A. Gager, for services rendered. From that part of the interlocutory judgment which sustained plaintiff's demurrer to two defenses in the answer, defendants appeal. From that part of said judgment which overruled plaintiff's demurrer to another defense, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Frederic W. Hinrichs, for plaintiff.

F. B. Jennings, for defendants.

WILLARD BARTLETT, J. The allegations of the complaint, so far as it is necessary to consider them upon the present appeal, may be summarized as follows: The defendants' testator, O. A. Gager, was the senior member of a firm, consisting of himself, Frank P. Abbot and Frederick Haviland, who were engaged in the business of importing and selling china ware in the city of New York. From about June, 1886, to about August, 1888, under an agreement with O. A. Gager individually, the plaintiff rendered services to said firm as salesman, and received compensation therefor, which was paid by O. A. Gager, or by the firm at his instance. In August, 1888, the then existing agreement between Gager and the plaintiff was modified so as to provide that the plaintiff should be paid $5,000 for the year beginning July 1, 1888, and ending July 1, 1889 (instead of $2,500 a year salary, which he had theretofore received), and that he should also be paid at the end of said year, when the partnership would terminate, "the same amount as the profits received by or credited any member of said firm." The salary of $5,000 was duly paid. The profits credited to Gager were $10,927.96, but the plaintiff received from or through him only $1,142.66 in addition to the $5,000 salary. The plaintiff continued to fulfill his duties under the modified agreement, and was in the employ of the firm as a salesman throughout the year covered by that agreement. O. A. Gager died on October 20, 1889, and the defendants are his executors, and have in their hands sufficient assets applicable to the payment of the plaintiff's claim, no part of which has been paid. Upon these facts the plaintiff demands judgment for $9,785.30, being the amount credited to O. A. Gager upon the firm books for the year ending July 1, 1889, less the $1,142.30 which he paid or caused to be paid to the plaintiff.

We are called upon to consider the sufficiency of the second, third, and fourth separate defenses which the defendants, by their answer, interpose to the cause of action set forth in the complaint. The second separate defense is intended as a plea of accord and satisfaction. In it the defendants aver:

"That the amount remaining due to the plaintiff at the expiration of his employment by the said firm of O. A. Gager & Co., on the 30th day of June, 1889, was ascertained and found by said O. A. Gager to be the said sum of $1,142.66, and that said sum was duly paid to the said plaintiff upon the 12th day of August, 1889, as a full and final settlement of any and all claims which the said Lindsay had against the said firm or said O. A. Gager, growing out of his connection with them. That the said Lindsay was informed by the said Gager, when said payment was made, that the same was made in full of all claims of said Lindsay, and that said Lindsay, with knowledge that said money was paid in full of all claims, accepted and retained the said sum, and that he has never restored, or offered to restore, the said sum, or any part thereof; and that, as these defendants are advised and believe, the said acceptance and retention of the said sum by the said plaintiff constitute a full accord and satisfaction."

The last clause which I have quoted leaves no doubt that this defense is intended as a plea of accord and satisfaction. But the plea of accord and satisfaction is fatally defective if it omits to aver, in substance, that the thing given or the act done in satisfaction of the claim

was accepted as such.   Blackstone, to illustrate what constitutes an
accord and satisfaction, says:

"As 'if a man contract to build a house or deliver a horse, and he fail in it,
this is an injury, for which the sufferer may have his remedy by action; but, if
the party injured accepts a sum of money or other thing as a satisfaction, this
is a redress of that injury, and entirely takes away the action." 3 Bl. Comm. c. 1,
pp. 15. 16.

In pleading this bar, it is necessary to allege not only that the de-
fendant gave the thing in satisfaction, but that the plaintiff received
and accepted it in satisfaction.     Paine v. Masters, 1 Strange, 573;
Maze v. Miller, 1 Wash. C. C. 328, Fed. Cas. No. 9,362; Young v.
Jones, 64 Me. 563, 570; Banking Co. v. Van Vorst's Adm'x, 21 N. J.
Law, 100; Hearn v. Kiehl, 38 Pa. St. 147.     In the case last cited,.
Woodward, J., says: "The plea must allege that the matter was ac-
cepted in satisfaction."     Now, the plea in the case at bar does not al-
lege anything of the kind.     It does say that the plaintiff accepted and
retained the $1,142.66 with knowledge that said money was paid in
full of all claims, but there is no averment that he accepted and retain-
ed the same in full or in satisfaction of his claim.     In Nassoiy v. Tom-
linson, 148 N. Y. 326, 42 N. E. 715, which was relied upon by the learn-
ed court at special term as sustaining the defense of accord and sat-
isfaction now under consideration, there was no question of pleading,
but the decision turned upon the sufficiency of the evidence to establish
such a defense.     The defendants had sent the plaintiff a check for
$300, which was all that they conceded to be due to him, with a re-
quest to sign and return an accompanying voucher, which was a receipt
in full.     The plaintiff demanded more, but the defendants refused to
pay more, and finally the plaintiff, after keeping the check seven
months, indorsed it, and obtained the money upon it.     The court held
that this course of action admitted of no inference but that the
plaintiff agreed to accept the $300 in lieu of his larger claim.     The
case is not an authority, however, in support of such a pleading as
that before us here, but rather the contrary.     I have examined the
record which was before the court of appeals, and find that the answer
expressly averred that the plaintiff accepted the $300 in full settlement
and discharge of his claim.     See 1313. Court of Appeals Cases, in
Brooklyn Law Library (Nassoiy v. Tomlinson).     Nor is the second de-
fense. any better as a plea of payment than it is as a plea of accord and
satisfaction.     I was inclined to think otherwise in the course of the
oral argument, but overlooked at the time the allegations of the com-
plaint which are left undenied by this defense.     Those allegations,
which must be taken as true for the purpose's of the demurrer, show
that $9,785.30 was due and owing to the plaintiff by the defendants'
testator on the 30th day of June, 1889, after the payment of the $1,142.-
66 mentioned in the second defense; and no fact is set up in said de-
fense from which it can be inferred that this larger amount has ever
been paid.     For these reasons, I think the plaintiff should prevail on
his appeal from that part of the interlocutory judgment which over-
rules the demurrer to the second separate defense.

The third separate defense sets up a former adjudication adverse
to the plaintiff in a suit which he brought against the survivors of the

firm of O. A. Gager & Co., seeking to charge that partnership with the claim which he now makes against the personal representatives of O. A. Gager individually.    I do not see how the individual liability of O. A. Gager could have been an issue in that action.    The question there was whether the firm were liable.    If they were not, it made no difference who was, so far as the disposition of that litigation was concerned.    It seems quite clear that the court below was right in sustaining the demurrer to this defense.

The demurrer to the fourth separate defense was also properly sustained.    The substance of this defense is that, by bringing the suit already mentioned against the surviving members of the co-partnership of O. A. Gager & Co., the plaintiff elected to treat his agreement as one made with the firm, and not with O. A. Gager individually, and his claim as a claim against the firm, and not against O. A. Gager in his individual capacity; and hence that the plaintiff is estopped from prosecuting the present action.    But a mere mistake as to which of two parties is legally liable for the plaintiff's claim does not constitute a conclusive election, unless the assertion of the cause of action against one involves the allegation of facts which are inconsistent with the maintenance of the claim against the other party.    Bank v. Wallis, 84 Hun, 376, 32 N. Y. Supp. 382.    Such does not appear to be the case here, and the plaintiff is therefore at liberty to proceed in this suit, although he failed in the suit against the firm.

The interlocutory judgment should be reversed, so far as it overrules the demurrer to the second separate defense (of accord and satisfaction), and the plaintiff should have judgment on said demurrer, with costs, with leave, however, to the defendant to amend the defense upon payment of such costs; otherwise the interlocutory judgment should be affirmed.

BRADLEY, J.    In all respects other than in relation to the second defense the views of Mr. Justice BARTLETT are satisfactory.    The liberal construction to which pleadings under the present system are entitled, with a view to justice between parties, seems to require the conclusion that the allegations of that defense in the answer have all the elements essential to accord and satisfaction.    Code Civ. Proc. § 519.    The alleged claim on which the action is founded is unliquidated.    By way of defense the defendants allege that the amount remaining due the plaintiff at the expiration of his employment was ascertained and found to be the sum of $1,142.66, which was duly paid to him with the information to the plaintiff that it was made in full of all claims against the defendants' testator; that he received the money with knowledge that it was paid in full of all such claims, and that he accepted and retained the money.    The defendants allege, by way of conclusion, that such acceptance and retention of the money by the plaintiff constituted a full accord and satisfaction.    It is true that no dispute between the parties as to the amount due the plaintiff from the defendants is alleged, nor is it in such terms alleged that the plaintiff received the money as an accord and satisfaction as was essential to good pleading at common law.    But the facts do constitute all the elements necessary to that defense as applied to an unliquidated claim.

Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715; Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 199. The statutory requisite of the statement of new matter constituting a defense is that it be made "in ordinary and concise language." Code Civ. Proc. § 500. This provision, in view of the liberal construction in the contemplation of the statute, would seem to permit the conclusion that the allegation of all the facts requisite as proof to constitute a defense is sufficient to support an answer against attack by demurrer. Smith v. Fellows, 26 Hun, 384; Keteltas v. Myers, 19 N. Y. 231. In the view taken of the matters alleged, no inferential facts essential to the defense are omitted.

The demurrer as to that defense should therefore be overruled.

BROWN, P. J., and CULLEN and HATCH, JJ., concur with BRADLEY, J.