CAFFEE v. ALFRED R. SAX LUMBER CO.

(Supreme Court, Appellate Division, Second Department.    July 29, 1910.)

1. SALES (§ 355*)—ACTION FOR PRICE—PLEADING—GENERAL DENIAL—EVIDENCE ADMISSIBLE.

Under a general denial, defendant may show anything which goes to disprove any matter necessary for plaintiff to prove to establish his alleged cause of action, and hence, in an action for the price of goods sold, plaintiff under a general denial could show that the goods were not of the character or quality required by the contract, and were not delivered in conformity therewith.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1026; Dec. Dig. § 355.*]

2. SALES (§ 355*)—ACTION FOR PRICE—PLEADING AND PROOF.

In an action for the price of goods sold, where plaintiff alleges full performance, he cannot over defendant's objection show partial performance and an excuse from full performance.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1032; Dec. Dig. § 355.*]

3. ACCORD AND SATISFACTION (§ 10*)—UNLIQUIDATED ACCOUNT.

Where a buyer in its itemized statement of account deducted freight charges paid on five cars, amounting to $174.28, and the seller in advising the buyer of a draft drawn on the buyer gave freight allowance for only three cars amounting to $91.25, the account was unliquidated.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. § 67; Dec. Dig. § 10.*]

Appeal from Trial Term, Kings County.

Action by Alberto H. Caffee against the Alfred R. Sax Lumber Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Selig Edelman (George P. Heimberger, on the brief), for appellant. Charles H. Fuller, for respondent.

RICH, J. The plaintiff is the assignee of the Marbury Lumber Company and has recovered in this action an alleged balance due from

the defendant for lumber sold and delivered to it by his assignor. The complaint alleged that the defendant was a domestic corporation, and that on stated dates said Marbury Lumber Company sold and delivered to it, at its request, five car loads of lumber of the agreed on value of $687.09; that $144.49 had been paid thereon, and the balance was due and unpaid to plaintiff as assignee. The answer admits that the defendant is a domestic corporation and denies each and every other allegation in the complaint contained. It then alleges, as an affirmative defense, an accord and satisfaction based upon the payment of said sum of $144.49, and demands judgment dismissing the complaint. It is thus apparent that the plaintiff bases his cause of action upon full performance of the contract of his assignor with the defendant, which is put in issue by the general denial. Under a general denial the defendant had the right to give evidence upon any subject which it was necessary for the plaintiff to prove to establish his alleged cause of action. The contract referred to was, upon the part of the defendant, a written order for lumber of stated kinds, quality, and dimensions, and was followed by written communications between the two companies as to the time of delivery, if the order was accepted. Upon the trial the plaintiff was permitted to prove, after it appeared that there had been an extraordinary delay in shipment, over defendant's objection and exception, reasons tending to excuse performance of the contract as to the time of delivery, by the earlier shipment of the lumber; such evidence being at variance with the allegations of the complaint which practically alleged full performance and averred no excuse or justification for nonperformance. The defendant sought to prove that the plaintiff's assignor did not perform its contract in two essential particulars: First, that the deliveries of the lumber were not made at the times agreed upon, because of which it had the authority and right to, and did, reject and refuse to accept a portion of the lumber shipped; and, second, that the lumber delivered and rejected by the plaintiff was not of the character ordered by the defendant. Upon plaintiff's objection that such evidence was not admissible under the pleadings, the evidence was excluded, and the defendant excepted. These exceptions present reversible error. The plaintiff having alleged full performance could not be permitted, over defendant's objection, to show partial performance and matters excusing full performance, and in an action of this character, where full performance is averred, the defendant under its general denial was entitled to show that the lumber was not of the kind, character, or quality required by the contract, and was not delivered in conformity with the contract.

It is claimed that the documentary evidence establishes plaintiff's cause of action, and that the errors were harmless. I do not think so. The documentary evidence does not show full performance by the plaintiff's assignor or the character of the lumber actually delivered. The respondent asserts that the bills of lading prove the fact that the lumber ordered was shipped to and received by the defendant. I am unable to find any bills of lading in the case. Further, I am not sure that the evidence does not establish the defense of an accord and satisfaction. That matters of difference existed between the parties is

shown by their correspondence. There was continuous objection and complaint by the defendant to the delay in shipment, and notice that because thereof the defendant had been compelled to purchase in the open market lumber to take the place of that ordered of the Marbury Lumber Company, and that the defendant had been and was being damaged because of such failure to deliver the lumber as agreed. On July 23d, after receiving information of the shipment of July 18th (the last shipment), the defendant writes:

"We certainly regret that you have seen fit to handle this order in the manner that you have. You have given us more trouble with this order than we have ever had with an order during our whole experience. If you had in every instance given us correct information regarding same, we would have been in a position to have handled it without any loss whatever to you or ourselves, but as it is we have not only lost considerable money on the order, but we have lost a good customer besides. We have wired New York this morning asking them whether or not they will accept this car and are awaiting their reply as to what disposition we shall make of same."

On August 31st the defendant wrote the Marbury Lumber Company:

"Relative to our order No. 342 which was to be furnished by you we beg to advise that we have on our dock in Savannah the following pieces which were cancelled in the order on account of delay in shipment. * * * We will thank you to make disposition of this stock promptly, and oblige."

And on the same day the Marbury Lumber Company wrote the defendant:

"We beg to advise that we have to day made sight draft on you for $479.57 and have advised the bank to accept in part settlement of this draft freight bills covering car Nos. 9,659 and 9,060 and 9,293 our shipments of May 31st and June 19th. Kindly honor draft on presentation."

On September 5th the Marbury Company wrote:

"Your favor of August 31st received. We beg to advise that this material was sold you, and we have, therefore, nothing to do with it. According to our books, the 8x10, 10x10, 10x14 and 10x16 were shipped you June 19th, and the balance of the material named by you July 4th. Therefore, to write us under date of August 31st that on account of the delay in shipment this material is to be subject to our order appears to us to be as unreasonable a proceeding as we have ever heard of, much less experienced. We made draft on you a few days ago for the amount of your account, as it is now all past due, and in the event the said draft is not honored, we shall put your account in the hands of our Attorney for collection."

To this letter the defendant, on September 6th, replied:

"We to-day returned your draft for $479.57 and in explanation thereof beg to advise that we are due you only $144.49 as per statement of account attached. On account of your failure to promptly deliver our order No. 342 we were compelled to buy 15,602 feet out of stock in New York City. This amounted to $752.91, the difference in cost being $188.33, if the order had been furnished complete by you in time to be used by the contractors. We will be glad to honor your draft for $144.49 and will also thank you to furnish us disposition promptly of the stock which we are holding on the Savannah dock."

The statement inclosed is as follows:

Savannah, Ga., August 31, 1906.

Marbury Lumber Co., Marbury, Ala., In account with Alfred R. Sax
Lumber Co.

1906.

| | | | |
|---|---|---|---|
| May 28. | By sale of refuse C. R. R. yard 9,183 .......... $ 4 52 | | |
| Aug. 31. | By order No. 342 cars 9,293, 10,203, 9,060, 9,659 | 504 08 | |
| | | | $508 60 |

Debits.

| | | | |
|---|---|---|---|
| May 28. | To drayage and handling refuse................... | 1 50 | |
| June 19. | To Frt. order 342 car No. 9,659................... | 35 97 | |
| July 10. | To Frt. order 342 car No. 10,202................. | 53 11 | |
| July 10. | To Frt. order 342 car No. 9,293 and 9,060........ | 55 28 | |
| July 31. | To Frt. order 342 car No. 9,183................. | 29 92 | |
| Aug. 31. | To difference in cost buying order No. 342 in New York a/c nondelivery as per statement attached | 183 33 | |
| | | | 364 11 |

Balance to your credit........................... $144 49

Two weeks later the Marbury Lumber Company wrote:

"In reference to your letter of the 6th we have to-day made a sight draft on you for $144.49 and will thank you to honor same on presentation."

This draft the defendant paid. The dispute between the parties related to the amount of the alleged liability of the defendant based upon the value of all lumber shipped.

These facts in the case at bar are very similar to those involved in the leading case, on accord and satisfaction, of Lockwood v. Thorne, 18 N. Y. 285, and bring it directly within the principles of law declared in that case. It is contended that the account between the parties was not an unliquidated account, and that the principles governing the defense of an account stated do not apply. I do not think this contention entitled to weight, and, in addition, counsel for the respondent concedes that the freight charges deducted in the defendant's itemized statement of account are correct and were properly deducted. The deduction consisted of freight charges paid on five cars amounting to $174.28. In the letter of plaintiff's assignor of August 31, 1906—more than five weeks after the last shipment of lumber—advising defendant of the draft made, freight allowance is given for three cars only, amounting to $91.25. This of itself makes the account unliquidated. Lestienne v. Ernst, 5 App. Div. 373, 39 N. Y. Supp. 199.

The judgment and order are reversed, and a new trial granted; costs to abide the event. All concur.