## BURCH *v.* EATON
No. 2666

March 5, 1925.                    233 Pac. 530.

1. ACCORD AND SATISFACTION—MUST BE SPECIFICALLY PLEADED.
> At common law and under code, plea of accord and satisfaction must be specifically pleaded.

2. ACCORD AND SATISFACTION—PLEA SHOULD SPECIFICALLY SHOW THAT THING DONE OR GIVEN WAS IN SATISFACTION, AND SO ACCEPTED.
> Plea of accord and satisfaction must show that it was so intended, and should aver that what was done or given was in satisfaction, and so accepted.

3. PLEADING—FAILURE TO DEMUR TO PLEA HELD NOT TO PRECLUDE SUBSEQUENT ASSERTION OF ITS INSUFFICIENCY AS A PLEA OF ACCORD AND SATISFACTION.
> Failure to demur to plea, intended as plea of accord and satisfaction for insufficiency as such, *held* not to preclude subsequent assertion of insufficiency, where plea stated defense of payment, and was for that reason not demurrable.

See 1 C. J. sec. 111, p. 573, n. 3; sec. 120, p. 576, n. 35, 37, 39.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward F. Lunsford,* Judge.

Action by Lulu Burch against Frank Eaton. Judgment for plaintiff, and defendant appeals. **Affirmed.**

*Campbell & Robins,* for Appellant:

Rule is well settled in equity that account once settled cannot be avoided except in action to set aside settlement for fraud or error. Cross v. Bank, 6 Pac. 94.

Agreement of final settlement is pleaded by defendant in bar. As plaintiff admitted its execution, action was prima facie barred, and settlement evidenced thereby could be voided only by direct proceeding to cancel or reform for fraud or mistake. Plaintiff should have retained leave to amend instead of attacking in reply. Anderson v. Anderson, 68 Pac. 319.

General allegation of fraud will not suffice; all facts constituting alleged fraud must be averred. Pomeroy, Code Remedies (4th ed.), sec. 563.

In suit for accounting where court finds there was a settlement but allows it to be opened for purpose of showing errors, before plaintiff is allowed to introduce evidence he should amend complaint so as to specify errors relied upon so that adversary may be informed and issues may be joined. Hoyt v. Clarkson, 31 Pac. 198.

Receipt in full must be regarded as acquittance in bar of further demand in absence of allegation and evidence that it was given through mistake, fraud, or duress. Chicago v. Clark (U. S.), 44 L. Ed. 173.

Parties seeking to impeach settlement of partnership account for fraud or mistake must plead particular facts, and evidence of facts not alleged is inadmissible. Anderson v. Anderson, supra.

Objection to erroneous admission of evidence is not waived by cross-examination or rebuttal of objectionable matter. 38 Cyc. 1398; Martin v. Railroad Co., 9 N. E. 505.

When case is tried and findings made and case is then sent to referee to take and state an account, the necessary steps for new trial should not be taken until final report of referee is filed, as trial is not complete until then. Our statute does not permit appeal from interlocutory order. Hinds v. Gage, 56 Cal. 486.

*Morley Griswold,* for Respondent:

Law is well settled that if notice of intention to move

for new trial, memorandum or errors, and bill of exceptions are not filed within statutory period right of appeal is lost. 3 Rev. Laws, 5329.

Question is whether decree of accounting was final or not. If final, appeal should have been taken within statutory period. If not final, appellant is within time in appeal.

Some jurisdictions hold decree of accounting interlocutory and not appealable. Others hold where decree settles equities and directs accounting, it is appealable. Bradford v. Bradley, 37 Ala. 453; Hunt v. Stockton Lumber Co., 21 South. 454; Hake v. Coach, 63 M. W. 306; Perrin v. Lepper, 40 N. W. 859.

It has even been held decree may be final for purpose of appeal, though part was retained for further relief by accounting. St. L. R. R. Co. v. So. Exp. Co., 108 U. S. 24; McMurray v Day, 28 N. W. 476.

If, as he maintains, appellant pleaded in bar, decree sustaining or overruling plea is bar of matters of account and is appealable. Royster v. Wright, 24 S. E. 746.

Answering authorities of appellant, pleadings do not contain allegations of account stated, nor does proof show one.

By introducing independent similar evidence in appellant's case in chief he waived objection to testimony upon which appeal is based. Jameson v. Tully, 173 Pac. 577. Party waives objection to evidence by introducing similar evidence himself. Objections to testimony were waived when objecting party on cross-examination went into whole matter. 19 Century and Decennial Edition, Am. Dig., Key No. 412; 1 Wigmore, Evi., 61 Subd. D.

## OPINION

By the Court, COLEMAN, C. J.:

Lulu Burch brought this proceeding to procure an accounting. Two causes of action, alleging an indebtedness growing out of a fiduciary relationship, are stated in her complaint. To each of the causes of action

contained in the complaint the defendant pleaded specific defenses, and for a second defense alleged:

"That he has fully paid and satisfied the plaintiff for and on account of each and every claim and demand set forth in plaintiff's complaint."

The plaintiff filed a reply to the answer, denying specifically each affirmative allegation of the answer, including that just quoted.

The court ordered an accounting upon the first cause of action, upon which a judgment was entered in favor of the plaintiff; as to the second cause of action judgment was rendered in favor of the defendant. Defendant appealed from the judgment against him. The parties will be referred to as plaintiff and defendant, as in the trial court.

A motion was made to dismiss the appeal. We will not dispose of the motion since the judgment must be affirmed, though we may say in a general way that, from a casual examination of the contention, we think the motion would have to be denied if determined on its merits.

No errors are assigned by appellant as a basis for the argument of the case by counsel or for consideration by the court, but we will dispose of the points sought to be made as we gather them from the opening brief of appellant. In the brief it is said that the answer of the defendant admitted his agency, the receipt of moneys belonging to the plaintiff, and affirmatively pleaded payment and satisfaction, and that the reply simply denied the allegation of payment and satisfaction, and, not alleging fraud, duress, or mistake, the plaintiff could not prove either. It is then said that, when the defendant entered upon the trial, he believed that the plaintiff would attempt to prove that she never executed the paper relied upon to show satisfaction, or that she had received the money which the paper recited as the consideration.

At the hearing, which the lower court had, to determine whether an accounting should be ordered, counsel for defendant objected to a certain line of procedure and

evidence, upon the ground that the defense pleaded, which we have quoted, constituted a full "release" and "satisfaction" of all claims of every kind and character held by the plaintiff against the defendant, and, since such release and satisfaction was not attacked in the reply on the ground of mistake, duress, or fraud, that no proof could be introduced by the plaintiff tending to show that her claim had not been satisfied and released.

The question for our determination is as to the legal effect of the so-called plea of satisfaction and release. Counsel for plaintiff contends that it can be construed as nothing more than a plea of payment. This was the view taken by the trial court. It is very probable that defendant hoped to avail himself of the force and effect of the plea of accord and satisfaction, but there is nothing to indicate it anywhere in the record or in the briefs.

1. At common law the plea of accord and satisfaction must have been specifically pleaded (2 Chitty on Pleading [16th Am. Ed.], p. 288), and such is the well-recognized rule under the code (1 Enc. Pl. & Pr. 74; Maxwell Code Pl. 413; 1 Stand. Ency. Proc. 172; 1 C. J. 573, note 3; 1 R. C. L. p. 202).

2. A plea intended as a plea of accord and satisfaction must contain sufficient to show that it was clearly intended as such. It is almost invariably held that it must aver that what was done or given was in satisfaction of the cause of action, and also that it was accepted in satisfaction. 1 C. J. p. 576, sec 120; Lindsay v. Gager, 11 App. Div. 93, 42 N. Y. S. 851. The ruling of the trial court was clearly right.

3. It is said, however, that, if the plea is not sufficient to state a defense, the plaintiff should have demurred and, not having done so, cannot complain. But plaintiff admits and we think that it states a defense of payment. Stating such a defense, no ground of demurrer was available. There is nothing to charge the plaintiff with knowledge that it was intended to plead accord and satisfaction. We see no force to the contention.

The next contention is that the judgment is contrary to the evidence. The evidence covers transactions

extending over a period of more than three years. It shows that the husband of the plaintiff died in February, 1916, leaving his wife his sole heir, with assets consisting of cash in two or more banks, a producing mine, a cattle ranch, and other property of less magnitude. During the period of his agency the defendant received from the mine, from time to time, amounts aggregating nearly $40,000. He deposited these moneys, as he did moneys received from other sources, in whatever account he saw fit, drawing at his pleasure, using the funds to buy cattle and in the operation of the ranch. He employed a bookkeeper to keep his accounts, to whom he reported quite regularly his receipts and expenditures for about a year, after which no regular accounts were kept. The plaintiff never inquired about the details of affairs, and always accepted the statements of the defendant as to conditions. The testimony in the case is voluminous, and will not permit of analysis, except at great length. We have read the evidence carefully, and are satisfied that the conclusion reached by the court is sustained by the evidence.

As we read the brief of appellant, what we have said disposes of the case. No prejudicial error appearing, it is ordered that the judgment be affirmed.