J. FELIX NASSOIY, Respondent, *v.* DAVID H. TOMLINSON et al., Appellants.

1. ACCORD AND SATISFACTION. If a demand is unliquidated, the acceptance of a part and an agreement to cancel the entire debt furnishes a new consideration, found in the compromise, which will support an accord and satisfaction.

2. UNLIQUIDATED DEMAND. A demand is not liquidated, even if it appears that something is due, unless it appears how much is due; and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction.

3. ACCEPTANCE OF SUM OFFERED IN SATISFACTION. If, when the amount of an indebtedness is in dispute, the debtor sends the creditor a check for the sum conceded by the debtor to be due, with an unsigned receipt "in full" and a letter requesting the signing and return of the voucher, the offer of payment is to be deemed made upon the condition of its acceptance in satisfaction of the debt; and if the creditor retains the papers, and, after claiming a larger sum, and the refusal of the debtor to pay anything more, indorses and collects the check, such acceptance of the check imports an election to be bound by the condition on which it was offered and constitutes an accord and satisfaction which will not be affected by the creditor's subsequently sending the debtor a receipt " on account," unless such receipt is acquiesced in by the debtor.

*Nassoiy* v. *Tomlinson* (75 Hun, 613), reversed.

(Argued January 17, 1896; decided January 28, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 18, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The plaintiff sued to recover the sum of $1,200, which he claimed as a balance due him from the defendants for commissions on the sale of real estate owned by them, upon the agreed basis of five per cent on the purchase price, which was $30,000. The defendants claimed that the agreement was that they should pay the plaintiff whatever they thought

was right, and that the debt had been discharged by an accord and satisfaction.

The facts, so far as material, are stated in the opinion.

*Austen G. Fox* for appellants. The act of the plaintiff in collecting the check for $300, after he knew that it was offered in satisfaction of his unliquidated demand, and upon the condition that, if accepted, it should be accepted as payment in full, bars the present action. (13 Am. & Eng. Ency. of Law, 845; *Simmons* v. *Almey*, 103 Mass. 33; *Fuller* v. *Kemp*, 138 N. Y. 231; *Potter* v. *Douglass*, 44 Conn. 541; *Reynolds* v. *E. L. Co.*, 85 Hun, 470.)

*Frank A. Dudley* for respondent. The assent of both parties is requisite to an accord and satisfaction, and whether or not plaintiff accepted the $300 in full payment was properly a question for the jury and was properly decided by the jury. (*Fuller* v. *Kemp*, 138 N. Y. 231; *Nassoiy* v. *Tomlinson*, 65 Hun, 491; *McKeen* v. *Morse*, 49 Fed. Rep. 253; *M. Mfg. Co.* v. *Dunning*, 2 N. Y. S. R. 711; *Miller* v. *Coates*, 66 N. Y. 609; *People* v. *Board, etc.*, 40 How. Pr. 64; *Rosenfeld* v. *New*, 32 N. Y. S. R. 301; *Geary* v. *Page*, 22 N. Y. Super. Ct. 290; *Farmer* v. *Journal Association*, 26 N. Y. S. R. 940; *Mitchell* v. *Hawley*, 4 Den. 414; *Kenney.* v. *Board of Supervisors*, 58 Barb. 139; *Chamber of Commerce* v. *Knowlton*, 42 Minn. 229; *S. L., etc., R. R. Co.* v. *Davis*, 35 Kans. 464; *Reynolds* v. *E. L. Co.*, 85 Hun, 472; *Miller* v. *Holden*, 18 Vt. 337; *Brigham* v. *Dana*, 29 Vt. 1.) The claim of plaintiff was a sum certain, and the payment of a lesser sum cannot avail as an accord and satisfaction. (*Hammond* v. *Christie*, 28 N. Y. Super. Ct. 160; *Bunge* v. *Koop*, 48 N. Y. 225; *Dederick* v. *Leman*, 9 Johns. 333; *Jaffray* v. *Davis*, 124 N. Y. 164; *Ryan* v. *Ward*, 48 N. Y. 204; *Leeson* v. *Anderson*, 99 Mich. 247; *Conway* v. *Barber*, 6 Misc. Rep. 627; *Tucker* v. *Murray*, 2 Penn. Dist. Rep. 497.)

Vann, J. On the sixth of April, 1887, the plaintiff sold the property of the defendants, under an agreement that he

was to receive compensation for his services in making the sale, but there was a difference between them as to the amount. The sale was not completed until about June 20th, 1887, on which day Mr. Chauncey, who represented the defendants in all their dealings with the plaintiff, wrote to him as follows: "I heard to-day from Mr. Griffith that the sale to Weston was completed on Saturday. I send you a check for three hundred dollars (1 per cent on $30,000), your commission on the sale. Please sign and return the inclosed voucher." There was a check for three hundred dollars inclosed, payable to the order of the plaintiff, and also an unsigned receipt in these words: "Suspension Bridge, New York, June , 1887. Received of the Tomlinson Estate three hundred dollars, in full for commissions for sale to J. A. Weston of 66 acre lot. $300." Under date of June 23d, 1887, the plaintiff wrote to Mr. Chauncey, saying: "I don't know what you mean by sending me a check for $300. I want my five per cent commission on the $30,000." No reply was made to this letter, although one was requested, and during the latter part of July or the first of August, following, the plaintiff, who had in the meantime retained both check and voucher, called on Mr. Chauncey in the city of New York, and, as he testified on the trial, asked him what he meant by sending a check for "$300 commission for selling the farm. I said that I wanted my five per cent commission, as the understanding was between us. He said he wouldn't give one cent more, and I left him. * * * I knew there was a dispute between us, I claiming $1,500 and he claiming that I was only entitled to three hundred dollars, and that his check paid that, and with the knowledge of that condition of affairs I kept the check from July, 1887, to January, 1888, and then indorsed it and drew the money, and sent him a receipt on account." The plaintiff never returned the blank voucher sent to him with the check, but in January, 1888, he indorsed the check and drew the money on it, and then, under date of January 19th, 1888, wrote to Mr. Chauncey stating that he inclosed a receipt for $300, as part payment

for his services, and that he still claimed he was entitled to five per cent commission and insisted on being paid at that rate. The receipt inclosed was for $300, "in part payment for commission." On the 24th of January, 1888, Mr. Chauncey wrote to the plaintiff acknowledging receipt of the letter and voucher, and stating that he should "consider this payment in full for all commissions." The plaintiff did not return or offer to return the money so paid him. When the plaintiff rested, as well as at the close of the evidence, the defendants asked the court to direct a verdict in their favor on the ground that, upon the foregoing facts, which were not disputed, the plaintiff was not entitled to recover, but the motions were denied and the defendants excepted.

Two questions of fact were submitted to the jury: 1. Whether there was an agreement to pay plaintiff at the rate of five per cent. 2. Whether the plaintiff agreed to accept the three hundred dollars "in place of his claim for five per cent commission." The jury were instructed to find for the plaintiff if they thought that the agreement to pay at that rate was made, and that the agreement to accept was not made, otherwise for the defendants. They rendered a verdict in favor of the plaintiff for $1,200. The judgment entered on the verdict was affirmed by the General Term upon its opinion written on a former appeal, but then the record did not contain the proposed receipt in full. (*Nassoiy* v. *Tomlinson*, 65 Hun, 491–493.)

The question presented by this appeal is whether the undisputed evidence so conclusively established an accord and satisfaction as to leave no question of fact for the jury upon that subject. An accord and satisfaction requires a new agreement and the performance thereof. (*Jaffray* v. *Davis*, 124 N. Y. 164.) It must be an executed contract founded upon a new consideration, although an agreement to accept an independent executory contract has been held sufficient. (*Kromer* v. *Heim*, 75 N. Y. 574; *Morehouse* v. *Second National Bank*, 98 N. Y. 503; 2 Parsons on Contracts [7th ed.], 817, 820.) If the claim is liqui-

42

dated, the mere acceptance of a part, with the promise to discharge the whole, is not enough, for there is no new consideration. (*Ryan* v. *Ward*, 48 N. Y. 204.) If the claim is unliquidated, the acceptance of a part and an agreement to cancel the entire debt, furnishes a new consideration which is found in the compromise. A demand is not liquidated even if it appears that something is due, unless it appears how much is due, and when it is admitted that one of two specific sums is due, but there is a genuine dispute as to which is the proper amount, the demand is regarded as unliquidated, within the meaning of that term as applied to the subject of accord and satisfaction. Such is the case before us, as appears from the testimony of the plaintiff, already quoted. He claimed that the defendants owed him the sum of $1,500, under an agreement to pay him at one rate, while the defendants claimed that they owed him but $300, under an agreement to pay him at another rate. The verdict of the jury upon this issue neither removed from the case the fact that a dispute had existed, nor affected its force, as otherwise the compromise of a disputed claim could never be made the basis of a valid settlement. We come, therefore, to the question whether there was an acceptance by the plaintiff of an offer by the defendants to pay the sum they conceded to be due in full satisfaction of the sum he claimed to be due. In order to determine this question, the letter of June 20th, 1887, with the check and receipt inclosed therewith should be construed together, so as to see whether the offer was made upon a specified condition. When thus construed, we find the defendant saying to the plaintiff, in substance: "Here is a check for $300 to pay your commission on the sale; sign and return the inclosed voucher, in full of your commissions." As reflecting the intention of the parties, it is the same in effect as if the check had been written "in full," as was the case in *Reynolds* v. *Empire Lumber Co.* (85 Hun, 470). The plaintiff understood the condition as his testimony shows, and he never signed or returned the voucher and did not use the check for nearly seven months. In the meantime he had

an interview with the agent of the defendants and learned that they still adhered to their position of refusing to pay any more than the check sent "in full." After hesitating for five months longer, he used the check and sent the defendants a receipt on account, writing them that he claimed a balance. This declaration was *ex post facto* and could have no effect unless acquiesced in by the defendants, but they promptly disclaimed and insisted that their debt was paid. We think that the undisputed evidence shows conclusively that the offer was made in settlement of the claim and that the plaintiff so understood it, when, by using the check he accepted the offer. The written evidence, the personal interview and the acts of the plaintiff permit no other conclusion. The circumstances do not admit of different inferences or present any question of fact, for the letter and receipt can have but one interpretation.

The plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered "in full," was not, when accepted, a payment in full. As was said in *Hills* v. *Sommer* (53 Hun, 392, 394), he was "bound either to reject" the check "or, by accepting it, to accede to the defendant's terms." The money tendered belonged to them, and they had the right to say on what condition it should be received. "Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment and not by him that accepteth it." (*Pinnel's Case*, 5 Co. 117.) The plaintiff could only accept the money as it was offered, which was in satisfaction of his demand. He could not accept the benefit and reject the condition, for if he accepted at all it was *cum onere*. When he indorsed and collected the check, referred to in the letter asking him to sign the inclosed receipt in full, it was the same, in legal effect, as if he had signed and returned the receipt, because acceptance of the check was a conclusive election to be bound by the condition upon which the check was offered. The use of the check was *ipso facto* an acceptance of the condition. The minds of the parties then met so as to constitute an accord, and, as was said by this court

in *Fuller* v. *Kemp* (138 N. Y. 231), "the acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference from the transaction." We cannot distinguish the case in hand from the case last cited, where a check for $400 was mailed with a letter stating that it was sent as payment in full of an unliquidated demand for $670. The creditor accepted the check and used it, but "again sent his bill to the defendant, charging $670 for his services and crediting upon it $400 received by check." The debtor answered, calling attention to the condition upon which he had sent the check, and requesting the creditor "either to keep the money upon the condition named, or return it to him by first mail," but no reply was made, and the money was not returned. Upon these facts the court held that "when a debtor offers a certain sum of money in full satisfaction of an unliquidated demand, and the creditor accepts and retains the money, his claim is canceled, and no protest, declaration or denial on his part, so long as the condition is insisted upon by the debtor, can vary the result."

The principle that controlled that case must also control this, and the judgment appealed from should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur, except HAIGHT, J., not sitting.

Judgment reversed.