## ABELSON v. GORDON.

(Supreme Court, Appellate Term.   October, 1901.)

ACCORD AND SATISFACTION—LIQUIDATED DEBT—PARTIAL PAYMENT.
    Acceptance of an amount tendered in full payment of a liquidated demand greater than the sum tendered does not operate as a satisfaction of the entire debt.

Appeal from municipal court, borough of Manhattan, Fifth district.
Action by Louis Abelson against Louis Gordon, Jr.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.
Argued before McADAM, P. J., and MacLEAN and SCOTT, JJ.

Max Monfried, for appellant.
Shafer & Levin, for respondent.

MacLEAN, J.   In this action to recover a balance due for goods sold and delivered no sufficient reason is made to appear for interfering with the determination of the trial justice as regards either the defense of breach of contract or that of accord and satisfaction.   While "the law favors the adjustment of such controversies without judicial intervention, and will not permit the creditor to · accept and retain money which has been tendered by way of compromise, and then successfully litigate with his debtor for the recovery of a greater sum" (Fuller v. Kemp, 138 N. Y. 231, 237, 33 N. E. 1034, 20 L. R. A. 785), this applies only to cases of unliquidated claims in dispute as to the amount due, for, "if the claim is liquidated, the mere acceptance of a part, with the promise to discharge the whole, is not enough, for there is no new consideration.   Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539.   If the claim is unliquidated, the acceptance of a part and an agreement to cancel the entire debt furnishes a new consideration, which is found in the compromise."   Nassoiy v. Tomlinson, 148 N. Y. 326, 329, 330, 42 N. E. 715.   In the case at bar, dispute there seems to have been as to the kind or quality of the goods, but not as to the price in part or in aggregate.   As, then, "it is only in cases where a dispute has arisen between the parties as to the amount due, and a check is tendered on one side in full satisfaction of the matter in controversy, that the other party will be deemed to have acquiesced in the amount offered by an acceptance and a retention of the check" (Brake Co. v. Prosser, 157 N. Y. 289, 301, 51 N. E. 986), the judgment herein in favor of the plaintiff should be affirmed.

Judgment affirmed, with costs.   All concur.