BOWERY BAY BLDG. & IMP. CO. v. ROSSITER, MacGOVERN & CO.

(Supreme Court, Appellate Division, Second Department.  June 15, 1906.)

ACCORD AND SATISFACTION—WHAT CONSTITUTES.

A buyer of a motor at an agreed price received, pursuant to an independent transaction, an auto starter which was defective. He sent to the seller a check for a part of the agreed price, accompanied by a letter stating that the auto starter was so defective that a new one had to be purchased, and that he was compelled to deduct the price of a new one from the price of the motor. The seller used the check, and within two days notified the buyer that he must pay the balance of the agreed price. *Held*, that there was no accord and satisfaction precluding a recovery for the balance.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Accord and Satisfaction, §§ 88–91.]

Appeal from Municipal Court of New York.

Action by the Bowery Bay Building & Improvement Company against Rossiter, MacGovern & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

William L. Mathot, for appellant.

W. J. Foster, for respondent.

WOODWARD, J.  The plaintiff brought this action to recover the balance of $133, alleged to be due the plaintiff on the sale to the defendant of one 50-horse power, 2 phase, 60 cycle electric motor, sold and delivered to the defendant for the sum of $400.  The answer made a general denial, alleged fraud, breach of contract, payment, and accord and satisfaction, but the issue tried and determined was that of accord and satisfaction.  The plaintiff introduced evidence showing the sale of the motor to the defendant at the agreed price of $400.  It appears that there was some negotiation in reference to an auto starter, and that the same was delivered to the defendant at the same time with the motor, and the defendant's theory is that this auto starter was an essential element of the contract of sale, and, the same being found to be out of repair to such an extent as to be practically of no value, the defendant attempted to withhold a sum sufficient to purchase a new auto starter; and the alleged accord and satisfaction is based upon a letter from the defendant, inclosing a check, which was retained by the plaintiff, this action being brought for the balance of the purchase price of the motor. This letter, aside from its formal parts, reads:

"We have a report from our factory, and they advise us that the auto starter for the 50 HP., 2 phase, 60 cycle, type C, Westinghouse motor we purchased from you is burned' out and damaged beyond repair; in other words, the expense of repairing this auto starter for service would be greater than the cost of a new one, to say nothing of the loss of time. We have therefore decided to purchase a new one. The net price to us from the G. M. Co. for same auto starter is $133. We are very sorry indeed to find that there is this damage, and that we are compelled to deduct same from the purchase price of the unit. Please find inclosed check, less cost of auto starter. We are not deducting express charges of this starter from the factory to destination, although we have to pay same."

The plaintiff used this check, and .although there was a conflict of evidence as to whether the auto starter was really any part of the transaction on which the plaintiff sues, and the weight of evidence is wholly with the plaintiff, it is urged that this constitutes an accord and satisfaction. The learned court must have found from the evidence that the defendant purchased the motor at an agreed price of $400, independently of the auto starter. This being the obvious fact, there was no unliquidated claim existing between the parties. The defendant owed the plaintiff $400 under a contract. There was no dispute between them, and the check was not tendered as a payment in full upon a compromise of the controversy. The defendant elected to pay $267 on account of their contract, and they did not ask for a receipt in full, nor does their letter suggest definitely that they regard it as such a payment; and the fact that the plaintiff used the check, and within two days notified the defendants that they must pay the balance of the $400, indicates that there was never such a meeting of minds as is essential to an accord and satisfaction, nor was there any consideration to support the new contract which is involved in such a settlement. A superficial reading of Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695, and the case relied upon there, might seem to justify in some measure the defendant's position upon this appeal; but the limitations suggested in the later case of Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289, 299, 51 N. E. 986, completely destroy the authority of the earlier case as an authority for the defendant under the facts disclosed by the record, and the judgment appealed from should not be interfered with by this court.

The judgment appealed from should be affirmed, with costs. All concur.