(79 Misc. Rep. 260.)

### IVY COURT REALTY CO. v. KNAPP.

(Supreme Court, Appellate Term, First Department.   February 7, 1913.)

1. LANDLORD AND TENANT (§ 109*)—LEASE—SURRENDER AND ACCEPTANCE.

That a tenant informed the landlord's agent that he had a lot of sickness, and was financially embarrassed and unable to pay the rent, and asked to be released from the lease and moved from the premises, did not constitute a surrender of the lease and an acceptance, where the agent declined to release him.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.*]

2. ACCORD AND SATISFACTION (§ 8*)—PAYMENT OF JUDGMENT—INDEPENDENT CLAIM FOR RENT.

A tenant's payment of a judgment for one month's rent was not an accord and satisfaction of an independent liability for rent subsequently accruing.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 60–65, 84, 87; Dec. Dig. § 8.*]

3. ACCORD AND SATISFACTION (§ 7*)—PAYMENT WITH BORROWED MONEY.

That the payment of an admitted liability on a judgment for rent was made with money borrowed by the tenant did not make it a payment by the lender, so as to render it an accord and satisfaction of the liability for rent subsequently accruing.

[Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 46–59, 66; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Ivy Court Realty Company against Robert Russell Knapp.   From judgment for defendant, plaintiff appeals.   Reversed, and judgment directed for plaintiff.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Louis E. Felix, of New York City, for appellant.
Harold C. Knapp, of New York City, for respondent.

PAGE, J.   This action was brought to recover rent for the months of June, July, August, and September, 1911, at the rate of $55 a month.   The answer denies that the defendant ever entered into any agreement of lease as alleged in the complaint, and that he still remains in possession of the premises, and sets up as separate defenses an accord and satisfaction and a surrender and acceptance.   The trial justice gave judgment for the defendant.   The facts are substantially as follows, treating every contested fact as settled in the defendant's favor:

[1] The written lease signed by the defendant was received in evidence, and no attempt made to substantiate the denial thereof in the answer.   During the month of April or May the defendant informed the plaintiff's agent that he had "a lot of sickness," that he was financially embarrassed and unable to pay the rent, and asked to be released from the lease.   The agent declined to release him, and he moved.   An action was brought against him for the May rent, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment was recovered for $55 rent, together with interest and costs, on June 15, 1911. The exact amount of the judgment was not stated upon the record in this trial. In February, 1912, the plaintiff's attorney threatened to issue a garnishee execution against the salary of the defendant, and defendant proposed to pay $50 in settlement of all claim against him. This proposition the attorney accepted, and the following receipt was prepared:

"Received from Russell R. Knapp the sum of fifty ($50) dollars, receipt whereof is hereby acknowledged, in full payment and settlement of the judgment heretofore entered by the Ivy Court Realty Company against the said Russell R. Knapp by reason of the amount due therein for rent, etc., said payment being in full settlement of same.

"[Signed]          Ivy Court Realty Co., by Sophian, Manager."

When plaintiff's attorney produced this receipt, defendant objected, and the attorney struck out the word "same," and inserted "all rent." What authority he had to alter a receipt signed by another is not obvious; and he testifies that at that time he knew of no other claim for rent against the defendant than that merged in the judgment. It is this payment upon which the defendant relies to establish an accord and satisfaction of the claim for $220, the four months' rent in this suit, which was subsequently brought.

[2] It is conceded that there was more than $50 due at the time of this payment upon the judgment. Therefore, giving the defendant's testimony full effect, the transaction would not constitute an accord and satisfaction. The judgment was a fixed and liquidated claim, which the defendant was under obligation to pay, entirely separate and distinct from the claim for the four months' rent, and it is well settled, as stated in Mance v. Hossington, 205 N. Y. 33, 36, 98 N. E. 203, 204, that:

"The payment of an admitted liability is not a payment or a consideration for an alleged accord and satisfaction of another independent alleged liability. Ryan v. Ward, 48 N. Y. 204 [8 Am. Rep. 539]; Nassoiy v. Tomlinson, 148 N. Y. 326 [42 N. E. 715, 51 Am. St. Rep. 695]; Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367 [73 N. E. 61]. An accord and satisfaction requires a new agreement and the performance thereof. It must be an executed contract, founded upon a new consideration. Nassoiy v. Tomlinson, supra; Jaffray v. Davis, 124 N. Y. 164 [26 N. E. 351, 11 L. R. A. 710]; Kromer v. Heim, 75 N. Y. 574 [31 Am. Rep. 491]; Fuller v. Kemp, 138 N. Y. 231 [33 N. E. 1034, 20 L. R. A. 785]."

In the case of Mance v. Hossington, a receipt had been given in the following form:

"Received of G. A. Hossington $17.00 in full of all accounts and demands to date."

It was shown that there was a conceded balance due and unpaid for services of that amount, and it was held that such payment was not an accord and satisfaction of another disputed and unliquidated claim existing prior to the date of the receipt.

[3] Defendant in the case at bar testified that he borrowed the money from his employer, and from this his counsel seeks to argue that the payment was made by a third person. There is nothing in this contention. It makes no difference from what source the defendant procured the money. It was his payment of an obligation which he

was bound to pay. The evidence does not establish a surrender and acceptance thereof. On the contrary, defendant's own testimony establishes a refusal to accept a surrender.

The judgment should therefore be reversed, with costs to appellant, and judgment directed for the plaintiff for $220, with interest and costs. All concur.