GEORGE C. HUDSON, Appellant, *v.* YONKERS FRUIT COMPANY, INC., Respondent.

(Argued December 2, 1931; decided January 5, 1932.)

*Andrew Wright Lent* and *A. D. Lent* for appellant. The facts do not warrant a finding of accord and satisfaction. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Schnell* v. *Perlmon*, 238 N. Y. 362; *Newburger-Morris Co.* v. *Talcott*, 219 N. Y. 505; *Fuller* v. *Kemp*, 138 N. Y. 231; *Komp* v. *Raymond*, 175 N. Y. 102; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289.)

*Albert C. Jordan* for respondent. There was an accord and satisfaction and the judgment should be affirmed. (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326; *Hills* v. *Sommer*, 53 Hun, 392; *Whitaker* v. *Eilenberg*, 70 App. Div. 494; *Daley* v. *United States Metal Co.*, 76 Misc. Rep. 574; *Gibble* v. *Raymond Supply Co.*, 124 App. Div. 829; *Wisner* v. *Schopp*, 34 App. Div. 202; *Jones* v. *Keeler*, 40 Misc. Rep. 224; *Cleveland* v. *Toby*, 36 Misc. Rep. 320; *Chicago Ry. Co.* v. *Clark*, 178 U. S. 367; *Schweinler* v. *Earl*, 183 App. Div. 673; *Van Almkerk* v. *National Surety Co.*,

208 App. Div. 464; *Fuller* v. *Kemp*, 138 N. Y. 231; *Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289.)

CARDOZO, Ch. J. Plaintiff, then the owner and in possession of a quantity of apples, requested the defendant to procure a purchaser. This the defendant did, and collected the price. The plaintiff says that the service was to be rendered without charge, a friendly accommodation. The defendant says that there was an express agreement for the payment of a commission at the rate of ten per cent.

The defendant after collecting the proceeds of the sales, sent a statement of the account to the plaintiff, in which items amounting in their total to $1,017.60, ten per cent of the price, were deducted for commissions. With this statement there was sent a check for $3,184.50, the balance then due if the deduction was correct. The plaintiff kept the check, but made protest at once that the deduction was erroneous. In an action to recover the amount withheld the jury returned a verdict in favor of the plaintiff, finding thereby that the defendant's service was to be gratuitous. The Appellate Division reversed and dismissed the complaint, holding that the acceptance by the plaintiff of the balance conceded to be his was an accord and satisfaction.

We discover nothing in the record to give support to that conclusion.

The defendant had in its custody money belonging to the plaintiff, collections made by the defendant upon a sale of the plaintiff's apples. It had no lien upon the money, for it had not acted as a factor intrusted with possession. At most it had a counterclaim for the recovery of a commission at the rate of ten per cent. What remained after the deduction of that commission was due to the plaintiff absolutely and at all events. In taking it, he was not taking anything belonging to the defendant. He was taking his own money, his in any

event, whether the deduction of a commission was proper or erroneous. The defendant was more than a debtor. It was an agent holding in its possession the moneys of its principal, and guilty of a tort if it kept them for itself (*Baker* v. *New York Nat. Exchange Bank*, 100 N. Y. 31).

Two forms of accord and satisfaction of unliquidated claims are to be discovered in the books. One is where there is a true assent to the acceptance of a payment in compromise of a dispute, or in extinguishment of a liability uncertain in amount (1 Williston on Contracts, § 135; 3 id. § 1851; Am. L. Inst., Restatement of Contracts, draft No. 9, § 36-A; *Fuller* v. *Kemp*, 138 N. Y. 231, 237; *Wahl* v. *Barnum*, 116 N. Y. 87). The other is where the tender of the payment has been coupled with a condition whereby the use of the money will be wrongful if the condition is ignored. Protest will then be unavailing if the money is retained What is said is overridden by what is done, and assent is imputed as an inference of law (3 Williston on Contracts, §§ 1855, 1856; Am. L. Inst., Restatement of Contracts, draft No. 9, § 38-A).

Accord and satisfaction falling within the first of these classes, there plainly was not upon the facts of the case at hand. There had been no dispute between the parties and there was no assent by the creditor, but prompt and emphatic protest. There was not even any compromise. The amount deducted in the accounting did not involve an abatement by the defendant of anything, large or small, from the maximum commission due for its services, if it was entitled to anything. It kept the full commission of ten per cent due according to its witness by force of an express agreement. Such cases as *Schnell* v. *Perlmon* (238 N. Y. 362) and *Hettrick Mfg. Co.* v. *Barish* (120 Misc. Rep. 673; 209 App. Div. 807) are thus beside the point. A compromise may result where something is abated from a demand which exists, if it exists at all, for a liquidated sum. A compromise may

result where a demand, previously unliquidated, is fixed at a given figure, for the right is thus surrendered to make the figure higher. None of these elements of detriment is present in the case at hand. The defendant did not abate a dollar from a liquidated claim. It did not surrender the opportunity to add to the amount of an unliquidated claim. The conclusion is inescapable that there was no genuine assent to an accord and satisfaction, and that the debt was not discharged unless the situation is one in which the law imputes assent, irrespective of the state of mind accompanying the receipt.

The question then is whether the acceptance of the check without approval of the deduction is to be viewed as the breach of a condition lawfully imposed. A debtor paying his own money may couple the payment with such conditions as he pleases (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326, 331; 3 Williston, *supra*, § 1854). The mere fact that he is a debtor does not deprive him of that privilege. If he has the title to the money, he may pick and choose among his creditors, or refusing to pay any one until coerced by legal process, may keep the money for himself. From this the rule has grown up in connection with the satisfaction of unliquidated demands that one who sends a check to another upon a condition explicitly declared that the demand shall be extinguished or the check sent back unused, may hold the creditor to the condition, however embarrassing the choice (*Nassoiy* v. *Tomlinson*, *supra*; Am. L. Inst., Restatement of Contracts, § 38-A). "Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment and not by him that accepteth it." (*Pinnel's Case*, 5 Co. 117, quoted in *Nassoiy* v. *Tomlinson*, *supra*). The use of the check in violation of the condition would be an act of conversion. What is said or written by the creditor may be a refusal to assent. The law imputes to him an assent on the basis of his acts (Williston, *supra*; Restatement of Contracts, Am. L. Inst., *supra*).

In the case at hand the condition was not lawfully imposed, if we assume provisionally that it was imposed at all. The defendant was not merely a debtor, paying its own money, which it would have been free to retain or to disburse according to its pleasure. It was an agent, a fiduciary, accounting for money belonging to its principal. No matter whether the deduction of a commission was proper or improper, the balance represented by the check was due in any event. The law will not suffer an agent to withhold moneys collected for a principal's account by the pressure of a threat that no part of the moneys will be remitted to the owner without the approval of deductions beneficial to the agent. Such conduct is a flagrant abuse of the opportunities and powers of a fiduciary position (*Britton* v. *Ferrin*, 171 N. Y. 235; *Morris* v. *Windsor Trust Co.*, 213 N. Y. 27). We do not need to determine whether a condition would be lawful if the tender by the agent were to involve some abatement of deductions that might otherwise be his. Sufficient for the decision of this case is the ruling that the condition is unlawful when what is paid is no more than must certainly be due. A payment so made is not within *Nassoiy* v. *Tomlinson* and other cases of that type. There, as the court was careful to point out (p. 331), " the money tendered belonged to them [*i. e.*, to the makers of the tender], and they had the right to say on what condition it should be received." The payment in this case is within the doctrine of such cases as *Mance* v. *Hossington* (205 N. Y. 33, 36) and *Eames Vacuum Brake Co.* v. *Prosser* (157 N. Y. 289). What was paid had no connection with what was disputed and reserved. " The payment of an admitted liability is not a payment of or a consideration for an alleged accord and satisfaction of another and independent alleged liability " (*Mance* v. *Hossington, supra;* cf. *Hettrick Mfg. Co.* v. *Barish, supra,* at p. 684, and cases there cited). The doctrine of accord and satisfaction by force of an assent that is merely con-

structive or imputed assumes as its foundation stone the existence of a condition lawfully imposed. The rationale of the doctrine fails if submission to the alternative would be submission to a crime. A principal does not put himself in the wrong by repudiating a condition where the agent by withholding payment would be guilty of embezzlement.

Another difficulty confronts the defendant if all the objections thus far considered are overcome. The difficulty remains that nothing in the form of the account rendered or in the accompanying check amounts to the imposition of a condition that the check must be rejected if any item of the account is thereafter to be questioned by the creditor. All that the account does is to enumerate the debits and the credits (among which are items of commission) and strike a balance. The creditor is not informed that the deductions claimed by the debtor, the accounting agent, will be deemed to be finally approved by the acceptance of the check. He is not informed that the tender is in settlement of a dispute, for none had yet arisen. He is informed of nothing more than the readiness of his debtor to account to him for money admittedly his own, without the suggestion of a purpose to foreclose controversy as to the deductions if any are disputed. An accord and satisfaction is not so easily established (*Eames Vacuum Brake Co.* v. *Prosser*, 157 N. Y. 289; *Komp* v. *Raymond*, 175 N. Y. 102; *Gaston & Co.* v. *Storch*, 253 N. Y. 68, 71). " The debtor must make it clear * * * that it is taken in full payment " (3 Williston on Contracts, § 1856, p. 3181; *Gaston & Co.* v. *Storch*, *supra; Rose* v. *American Paper Co.*, 83 N. J. L. 707). An accord and satisfaction results only where the act of the creditor in " taking the check would be tortious except on the assumption of a taking in full satisfaction " (Williston, *supra; Lovekin* v. *Fairbanks, Morse & Co.*, 282 Penn. St. 100, 103). Surely no one would urge that upon any showing here made the acceptance by this principal

of his own money, owing from his agent whether the deductions stand or fall, would constitute a tort except on the assumption that the deductions were approved and would never be assailed.

The trial judge did not err in holding that the burden of proof was on the defendant to establish its right to the allowance of a commission. The plaintiff made out a *prima facie* case when he showed a sum of money in the possession of his agent, the proceeds of the sale that had been made for his account. If the defendant was at liberty to retain a portion of such fund as compensation for its service, the right to make such a deduction was to be enforced through the medium of a counterclaim. There was no lien upon the fund, for the defendant in this transaction was not intrusted with possession and was not acting as a factor. At the end of the whole case, whatever may have been the inferences to be drawn at intermediate stages from the uncontradicted evidence of a service rendered at request, the defendant was under the burden of satisfying the triers of the facts that the service was not gratuitous, but was to be rendered for a price (1 Williston on Contracts, § 36).

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed with costs in the Appellate Division and in this court.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.