*862 The discovery and inspection thus provided for will be held at a time and place to be fixed in the order to be entered hereon. Under the policy here involved, defendant was not liable under the double indemnity rider while insured was in military service, regardless of causal connection between such service and death. (Saladino v. Prudential Ins. Co., 188 Misc. 601, and authorities there cited, appeal dismissed by this court April 28, 1947.) Defendant did not waive the provision as to noneoverage for accidental death in military service even if it had knowledge that insured was in the military service when it demanded, accepted, and retained the premium therefor because defendant was not confronted by a choice between inconsistent rights when it accepted the premium. The insured was the only one who had the right to cancel the double indemnity provision. Defendant did not have that right. Therefore, defendant had the right to accept the premium for the double indemnity rider even if it had knowledge that insured was in the military service at the time. However, if at the time of the payment of the premium, insured or someone on his behalf tendered the payment on condition that military service should not affect the double indemnity provision and, if that were not the ease, that defendant return the premium, defendant would be liable. (Patrick v. International Life Ins. Co., 282 S. W. 745 [Mo.]; Hudson v. Yonkers Fruit Co., 258 N. Y. 168, 172-173.) It is for the purpose of attempting to establish the existence of such a condition that the discovery and inspection of correspondence between defendant and the insured or with anyone on his behalf is granted. Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur. Settle order on five days’ notice.