**In re NEW YORK, O. & W. R. CO.**

No. 114, Docket 21489.

United States Court of Appeals
Second Circuit.

Submitted Dec. 12, 1949.

Decided Jan. 3, 1950.

Weschler & Kohn, New York City, attorneys for appellant; J. Charles Weschler and Walter T. Kohn, New York City, counsel.

Elbert N. Oakes, New York City, attorney for Raymond L. Gebhardt and Ferdinand J. Sieghardt, trustees in bankruptcy;

White & Case, attorneys for Bankers Trust Co., as trustee;

Willkie, Owen, Farr, Gallagher & Walton, New York City, attorneys for The New York Trust Company, as trustee;

Elbert N. Oakes, Jesse Waid and Walter H. Brown, Jr., New York City, counsel, for respondents-appellees.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The Machine Tool and Equipment Corp. filed a petition in the District Court for the Southern District of New York praying that the respondents Gebhardt and Sieghardt, trustees in bankruptcy of New York, Ontario and Western Railway Company, be required to repay to the petitioner $5,259.84 because of an alleged overpayment by the latter to the trustees for repair work on certain locomotives. While the petitioner originally asked for a larger recovery its brief and proofs now lay no claim to more than $5,259.84.

On May 7, 1945 the District Court had approved a contract for the purchase of certain locomotives by Machine Tool and Equipment Corp. from the trustees. Machine Tool and Equipment Corp. paid the agreed purchase price and thereafter was rendered various bills aggregating $26,963.-04 for work performed at the request of the latter in repairing the locomotives. There were credits of $5,703.20 conceded by the trustees, leaving a balance of $21,259.84 due from the petitioner. This balance was liquidated by two payments, but in connec-

tion with the last payment of $5,259.84, the petitioner wrote the following letter to the trustees and their counsel Mr. Oakes reserving their rights to recover back that payment:

"We refer to series of bills aggregating $26,963.04 rendered to us in connection with certain repairs made to locomotives and cars, on account of which $16,000 was recently paid by us without prejudice. We refer also to your letter of May 20, 1946, outlining certain credits which the Trustees are willing to give us with relation to these bills. As you know, we have urged that we are entitled to certain additional credits, which have not been allowed by the Trustees.

"In view of all the circumstances surrounding this situation, we are enclosing herewith check for $5259.84 representing the balance claimed by the Trustee, as per your letter of May 20, 1946, without prejudice and under protest. In this connection we reserve the right to apply to the Court for a review of all of these bills and with the understanding that to the extent that such review shall determine there is any moneys due and owing to us by the Trustees, you will comply with such order as the Court may issue in connection with our petition."

The court below dismissed the petition on the ground that the balance of $5,259.84 claimed by the petitioner was a voluntary payment made "without a mistake of fact, or fraud, duress, coercion, or extortion" and therefore could not be recovered. The respondent largely relies on the decision of the United States Court of Appeals for the Eighth Circuit in Pure Oil Co. v. Tucker, 164 F.2d 945, and that of the New York Court of Appeals in Flower v. Lance, 59 N.Y. 603. But both of these decisions rested on the general rule that payments made without fraud, duress, or extortion cannot be recovered if made under a mistake of law. In the case at bar there was not merely a payment under protest, but a payment conditioned upon the right of the petitioner to a review of all of the trustees' bills and "with the understanding that to the extent that such review shall determine there is any moneys due and

owing by the Trustees, you will comply with such order as the Court may issue in connection with our petition." This was a plainly conditional and not a voluntary payment and it entitled the petitioner to a judicial review of any obligation it was claimed to have been under to make the payment. Such a treatment of the transaction seems to be required under the decisions of the New York Court of Appeals in Nassoiy v. Tomlinson, 148 N.Y. 326, 331, 42 N.E. 715, 51 Am.St.Rep. 695, and Hudson v. Yonkers Fruit Co., 258 N.Y. 168, 171, 179 N.E. 373, 80 A.L.R. 1052. See also Restatement, Contracts § 420.

In view of the fact that the payment of $5,259.84 was conditional, the order dismissing the petition is reversed and the proceeding remanded for the purpose of a hearing on the merits to determine the right of the petitioner to recover the sum of $5,259.84 or such part thereof, if any, as may be found due.