Mamo Pittoni, J.
In this action, tried before this court without a jury, the plaintiff sues for $828.65, the alleged balance due under an advertising contract. The defendant counterclaims for the same amount on the ground that the plaintiff refused to return the defendant’s racks. The defendant also sets up a defense of accord and satisfaction by reason of payment by the defendant of a check and acceptance thereof by the plaintiff.
By the terms of the contract, the defendant was given the sole and exclusive right to sell space and place advertising outside the plaintiff’s buses. The racks remained the property of the defendant. Thereafter, the contract was terminated on June 30, 1956. Some time in the latter part of May or in the early part of June, 1956, when it was evident that the contract was coming to an end, a dispute arose as to the status of the racks which were still attached to the plaintiff’s buses. On July 18, 1956, the plaintiff made a written demand for the full amount of moneys due and for a detailed accounting of all advertising and contracts. After the plaintiff’s second demand, on October 25, 1956, the defendant sent to the plaintiff a check in the amount of $402.14, which, according to the defendant, represented the balance due for advertising less the cost of the racks. Accompanying the check was a statement for advertising and a bill, dated August 1, 1956, listing in detail the racks allegedly left on the plaintiff’s buses.
The defendant contends that the plaintiff accepted the check without protest, that the plaintiff, therefore, acquiesced in the amount, and that such tender and acceptance satisfies the doctrine of accord and satisfaction. The court, however, finds from the evidence that although the plaintiff retained the check, immediately after the receipt of the check the plaintiff’s attorney protested the deduction for the cost of the frames and demanded full payment for the advertising.
In discussing accord and satisfaction, the New York Court of Appeals has said: “ Two forms of accord and satisfaction of unliquidated claims are to be discovered in the books. One is where there is a true assent to the acceptance of a payment in compromise of a dispute, or an extinguishment of a liability uncertain in amount (1 Williston on Contracts, § 135; 3 id. § 1851; Am. L. Inst., Restatement of Contracts, draft No. 9, § 36-A; Fuller v. Kemp, 138 N. Y. 231, 237; Wahl v. Barnum, 116 N. Y. 87). The other is where the tender of the payment has been coupled with a condition whereby the use of the money will be wrongful if the condition is ignored. Protest will then be unavailing if the money is retained. What is said is over *25 ridden by what is done, and assent is imputed as an inference of law (3 Williston on Contracts, §§ 1855, 1856; Am. L. Inst., Restatement of Contracts, draft No. 9, § 38-A).” (Hudson v. Yonkers Fruit Co., 258 N. Y. 168,171.)
It is clear, therefore, that the defendant has failed to come within either of the above classes discussed in the Hudson case. This was not an assent to the acceptance of payment in compromise of a dispute or an extinguishment of a liability uncertain in amount; it was emphatic protest. There was nothing on the defendant’s check which would bring it within the second category creating accord and satisfaction. No condition was imposed by the defendant when it paid the plaintiff $402.14 in October, 1956 such as 11 in full payment of all accounts to date ’ ’ as was the case in Schuttinger v. Woodruff (259 N. Y. 212), relied upon by the defendant.
Therefore, the acceptance of the defendant’s check was only acceptance of a payment on account and not an accord and satisfaction of the entire indebtedness. It is also clear from the testimony that the plaintiff never agreed on the cost or the number of racks involved and never agreed to become liable for the racks. The defendant has failed to prove that the plaintiff was obligated or that the plaintiff refused and neglected to return the racks after a demand. In fact, the last correspondence from the defendant, dated December 12, 1956, concludes, “ We do not need them ”.
Therefore, the counterclaim is dismissed and judgment is granted to the plaintiff in the amount of $828.65, together with the costs and disbursements of this action. This memorandum constitutes the decision of the court in compliance with the provisions of section 440 of the Civil Practice Act.
Submit judgment on notice.