Arthur Wachtel, J.
Plaintiff is suing the defendant V for goods sold and delivered by the plaintiff to the defendant on a running account.” The balance due on this running account was $758.60.
The defendant, about to enter the hospital, offered to give the plaintiff the key to his store and to give the plaintiff all the *984 materials and merchandise, owned by the defendant, and located in the store, and to give the plaintiff the right to use or sell the material.
The testimony of the parties is in conflict as to the precise terms of the agreement; it being testified on behalf of the plaintiff, that the plaintiff was to take the defendant’s merchandise as part payment of the amount owed; and the defendant testified, ‘ ‘ He would credit me with the materials on the inventory, and the balance, if there is any, he would compensate me.” The defendant, in support of his testimony, offered in evidence inventory of materials, dated March 20, 1957. This is an itemized inventory, listing each article specified with the amount, representing the value of each item indicated therein, totalling $853.90. The plaintiff testified that he did accept the key and took all of the merchandise in the store and proceeded to sell or use all he could; and that he credited the defendant with the sum of $125 for the usable material, and threw away those which could not be sold or used.
The defendant has interposed the affirmative defenses of payment, and accord and satisfaction.
Upon all the credible testimony, the court finds that the plaintiff accepted the defendant’s offer to take and use the merchandise owned by the defendant, and located in the defendant’s store; that he accepted the key to the store; that he took possession of all merchandise in the defendant’s store for his own use and benefit. The court is of the opinion that there was an accord and satisfaction with respect to the balance owed by the defendant, and for which the plaintiff now sues, by the acceptance on the part of the plaintiff of all of the merchandise in the defendant’s store. The fact that the merchandise may not have resulted in payment in full is immaterial.
It is true that since the ancient rule of Pinnel’s Case (5 Co. 117), payment of a lesser sum cannot effect an accord and satisfaction of a liquidated debt. However, an exception has been recognized by our courts in cases where the creditor accepts from the debtor something of unfixed value. If the debtor gives to the creditor certain property, the value of which is not agreed upon by both the debtor and creditor and which is subject to future determination, but which the debtor in good faith gives to the plaintiff in full satisfaction of a balance due, honestly believing that it would be worth either the full amount or more than the amount of the balance due, and the creditor accepts such property without objection and without specific notice to the debtor that it is taken only in part payment and not otherwise, he cannot, thereafter, be heard
*985 to say that the property taken was in fact worth less than the amount of the balance due. This rule of law was set forth in a most learned opinion of Mr. Justice Bijur. in the case of Hettrick Mfg. Co. v. Barish (120 Misc. 673, affd. 209 App. Div. 807). (See, also, Schuttinger v. Woodruff, 259 N. Y. 212; Nassoiy v. Tomlinson, 148 N. Y. 326.)
As Mr. Justice Vanst said in Nassoiy v. Tomlinson (supra, p. 331): “ The plaintiff cannot be permitted to assert that he did not understand that a sum of money, offered ‘ in full ’, was not, when accepted, a payment in full. As was said in Hills v. Sommer (53 Hun 392, 394), he was bound either to reject’ the check ‘ or, by accepting it, to accede to the defendant’s terms.’ The money tendered belonged to them [defendants], and they had the right to say on what condition it should be received. ‘ Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment and not by him that accepteth it.’ (Pinnel’s Case, 5 Go. 117.) ”
So in the case at bar, the merchandise in defendant’s store belonged to the defendant and he had the right to say on what condition it should be received by the plaintiff. The plaintiff did not have to accept it, but he took the key to the defendant’s store and while the defendant was in the hospital, took all the merchandise in the store. He made no inventory of the items he took, gave no accounting to the defendant of what he accepted, and threw away what he considered valueless, without any notice to the defendant as to the items he accepted and the items he rejected and without any offer or tender to the defendant of those items that he rejected. After having done so, he claims that the value of the items that he took amounted to only $125 to be credited to the defendant’s account, although the defendant claims that according to his inventory, the items amounted to $853.90. Plaintiff’s argument, in effect, would permit the plaintiff to determine arbitrarily the value of all of the defendant’s stock and merchandise without giving the defendant any opportunity to salvage those items rejected by the plaintiff and would thus place the defendant completely at the mercy of plaintiff’s arbitrary valuation.
At the trial, plaintiff failed to give specific proof of the value of each of the items or the identity of the items; and even when put through an extended examination by the court as to each item, failed to satisfy the court that a fair evaluation had been made as to the defendant’s merchandise. The plaintiff could just as easily have credited the defendant with little or nothing.
The proper procedure for the plaintiff, had his testimony been credible, would have been for him to make an itemized list *986 of all the items in the defendant’s store and have it checked by the defendant’s wife who prepared the original inventory with the defendant and taken those items, which the plaintiff thought could be used, and rejected the rest; and after proper disclosure to the defendant’s wife, then proceed to credit the defendant’s account. But the procedure that the plaintiff adopted was wholly unconscionable, if the plaintiff’s testimony is to be accepted.
Furthermore, while the burden of proving payment is usually upon the defendant, it is not always so. Where the plaintiff declares generally upon a balance due, so as to leave both sides of the account open, upon the general issue, then the burden is upon the plaintiff to prove nonpayment (Conkling v. Weatherwax, 181 N. Y. 258; Impallaria v. Greco, 27 N, Y. S. 2d 542). The plaintiff has failed to sustain his burden of proof of nonpayment of the balance due upon all the credible testimony.
Accordingly, the complaint is dismissed.