■ CARLTON CREDIT CORPORATION, Appellant-Respondent, v. ATLANTIC REFINING COMPANY, Respondent-Appellant.— Order entered on August 18, 1960 denying defendant's motion for summary judgment unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant and the motion granted, with $10 costs. Order entered on August 18, 1960 denying plaintiff's cross motion for summary judgment unanimously affirmed, with $20 costs and disbursements to the respondent. The acceptance and negotiation by the plaintiff of the defendant's check constituted an accord and satisfaction. The covering letter to which the check was annexed, itemizing in detail the deductions claimed, makes it clear that the payment made was conditioned upon its acceptance as payment in full for the larger amount claimed by the plaintiff to be due it from the defendant. There is no merit to the contention that the amount involved was liquidated and not in dispute. The letter clearly points up a difference in the amounts claimed to be due by the respective parties. Such a difference renders the amount in question unliquidated "within the meaning of that term as applied to * * * accord and satisfaction" (*Nassoiy* v. *Tomlinson*, 148 N. Y. 326, 330). The defendant, a debtor, as distinguished from an agent, had a right to impose conditions in connection with the payment made (*Hudson* v. *Yonkers Fruit Co.*, 258 N. Y. 168). The covering letter clearly conditioned the check upon its being payment in full for the moneys owed the plaintiff under the charter party on which this suit is based. The plaintiff could not accept the payment and reject the condition (*Hudson* v. *Yonkers Fruit Co.*, *supra*; *Nassoiy* v. *Tomlinson*, *supra*). It was fully aware of the attempt to satisfy the amount claimed with a lesser payment but despite that it accepted the check with the condition imposed. True, it is stated there was no intention to accept the check in full satisfaction and protest was registered. However, such protest is unavailing. For, as was said by Judge CARDOZO in *Hudson* v. *Yonkers Fruit Co.* (*supra*, p. 171): "What is said is overridden by what is done, and assent is imputed as an inference of law (3 Williston on Contracts, §§ 1855, 1856; Am. L. Inst., Restatement of Contracts, draft No. 9, § 38-A)." Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.