■ WELBOURNE & PURDY, INC., et al., Respondents, v WILLIAM MAHON et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered March 24, 1976 in Schenectady County, which denied defendants' motion for summary judgment dismissing the complaint. Plaintiffs brought the instant action to recover the balance of a brokerage fee allegedly due from defendants. On this appeal defendants argue that they should have been granted summary judgment based on the defense of accord and satisfaction. Under the circumstances presented, we agree. It is undisputed that plaintiffs were to receive a commission of 10% of the selling price for their efforts in bringing about the sale of certain realty owned by defendants. Instead of paying the indicated amount, however, defendants tendered a check at the closing of title to the property in a lesser sum claiming the difference represented damages to the premises for which plaintiffs were responsible. Defendants maintain this check was offered in complete satisfaction of their obligation and have submitted an affidavit of

their attorney reciting that the matter was so explained to plaintiffs' representative at the closing in addition to a photocopy of the check in question which, on its face, contains the plain notation "balance of broker's fee, in full." In opposition, plaintiffs' representative insists that she made no agreement to compromise the dispute; accepted the check only as a partial payment; and stated her employer would have to decide what to do about the balance. The owner and manager of the plaintiff in whose favor the check was drawn avers that it was turned over to him with the foregoing explanation by his representative; that "Knowing the background at the closing and on the advice of my attorney", he placed the check with others for deposit, and that shortly thereafter his attorney caused a summons to issue instituting this action. It is unclear whether the action was commenced before the check was cashed, but it is certain that the instrument has been paid and the proceeds retained by plaintiffs. Special Term and plaintiffs focused on the representative's allegation that she had declined to accept the check as full payment in concluding that a factual dispute existed sufficient to preclude summary judgment. In our opinion, however, reliance on that factor was unwarranted because her affidavit failed to deny knowledge of the condition upon which the payment was offered. Contrary to the interpretation now sought to be placed on that document by plaintiffs, a statement that the check would be accepted only as a partial payment hardly translates into an allegation of acquiescence on defendants' part to remove the restriction attached to the tender. Furthermore, even if she did not fully appreciate the significance of the transaction, her superior concedes he was aware of the situation and his admitted actions are wholly inconsistent with any belief that defendants had withdrawn their condition. In short, there was a bona fide dispute between the parties which the debtors rightfully offered to compromise and there is no genuine issue that they ever retreated from that offer. Consequently, neither the representative's declarations nor the manager's protest in suing for the balance can change the rule that "What is said is overridden by what is done, and assent is imputed as an inference of law" *(Hudson v Yonkers Fruit Co.,* 258 NY 168, 171). In cashing the check and retaining the proceeds, whether before or after the action was commenced, plaintiffs' deeds outweighed their words and an accord and satisfaction was achieved *(Hudson v Yonkers Fruit Co., supra; Nassoiy v Tomlinson,* 148 NY 326; *Carlton Credit Corp. v Atlantic Refining Co.,* 12 AD2d 613, affd 10 NY2d 723). Order reversed, on the law, and motion granted, with costs. Sweeney, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.