■ LEON GREENBERG, Respondent, v PINE HOLLOW STANDARDBRED SALE AND MANAGEMENT CORP. et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 19, 1982 in Sullivan County, upon a decision of the court at Trial Term (Williams, J.), without a jury. Plaintiff Leon Greenberg was the owner of an undivided four-share interest in a horse named "Songcan" standing at stud at Pine Hollow Stud Farm, and he instituted this breach of contract action against defendant Pine Hollow Standardbred Sale and Management Corporation and individual defendants Morton Finder and Robert Boni, who are officers and directors of the corporate defendant, to recover the sum of $2,000. According to plaintiff, this amount was wrongfully withheld from him by defendants under an oral contract reached between the parties in 1979 whereby defendants were engaged for the purpose of finding a buyer for plaintiff's right, title and interest in the horse. Upon the present record it seems clear that, pursuant to the parties' original agreement, defendants were to provide their services gratui-

tously to plaintiff owing to his ongoing business and personal relationship with defendant Finder and that any commission received by defendants for their services would have to come from the purchaser of plaintiff's interest in "Songcan". Subsequently, it developed that defendants did locate a buyer for plaintiff, and this buyer tendered a check to defendants in the sum of $20,000 for plaintiff's interest in the horse. Maintaining that plaintiff's interference in the arrangements for the sale resulted in the buyer changing his original offer and refusing to pay defendants more than a total purchase price of $20,000, defendants proceeded to deduct as a commission $2,000 from the sum tendered by the buyer and gave plaintiff a check for the remainder, i.e., $18,000. Although plaintiff accepted and cashed the check, contemporaneously therewith he wrote a letter to defendants protesting the $2,000 deduction, and when they persisted in withholding the $2,000 from him, the instant action resulted in which the court rendered a decision in favor of plaintiff after a trial without a jury. On this appeal, we hold that the challenged judgment should be affirmed and, in so ruling, find without merit defendants' contention that plaintiff should be barred from asserting this claim because his acceptance and cashing of the check for $18,000 constituted an accord and satisfaction of the claim. By accepting and cashing the check plaintiff was taking only what was rightfully and indisputably his, i.e., $18,000 realized from the sale of his interest in the horse, and this money constituted his property which defendants, as his agents, were legally bound to surrender to him whether or not their deduction of the $2,000 as a commission was proper and correct. Given these circumstances, it cannot be persuasively argued that plaintiff's conduct in negotiating the check should serve as a bar to his pressing the instant action against defendants (*Hudson v Yonkers Fruit Co.*, 258 NY 168). Defendants' further argument that the court erred in holding that they had unilaterally modified the contract between the parties to obtain a commission is similarly lacking in substance. By defendants' own admission, the parties' initial agreement was that plaintiff would not be assessed a commission by them for their finding a buyer for his interest in the horse, and based upon the evidence in the record the court was justified in concluding that the parties had never mutually agreed to modify this arrangement so as to make plaintiff liable for a commission. As a consequence, the court's ruling that defendants had improperly made a unilateral modification of the contract should not be disturbed (see 22 NY Jur 2d, Contracts, § 411, pp 327-329). Lastly, defendants' reliance upon subdivision 1 of section 15-501 of the General Obligations Law is also misplaced. As noted above, the trial court found that the parties had never reached a superseding agreement whereby plaintiff would accept "at some future time a stipulated performance in satisfaction or discharge" of his rights under the original contract, and this finding by the court has ample support in the record. Such being the case, defendants' assertion that plaintiff's claim for the disputed $2,000 is barred by an executory accord under the cited statute should be rejected. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.