■ GLENN L. SORRYE, Appellant, v JOHN E. KENNEDY et al., Defendants, and NYESHA B.A. RIDGES, Respondent. (And a

Third-Party Action.) [699 NYS2d 214] —Mercure, J. Appeal from an order of the Supreme Court (Torraca, J.), entered September 14, 1998 in Ulster County, which, *inter alia*, denied plaintiff's cross motion for partial summary judgment dismissing defendant Nyesha B.A. Ridges' first affirmative defense.

In our view Supreme Court should have granted partial summary judgment in favor of plaintiff dismissing defendant Nyesha B.A. Ridges' affirmative defense of accord and satisfaction; its order shall be modified accordingly.

This action arises out of a November 29, 1995 motor vehicle accident in which a 1991 Acura Legend automobile owned by plaintiff and driven by Ridges ran into the rear end of a tractor trailer that was parked on the northbound shoulder of the Thruway. According to an affidavit and deposition testimony submitted by plaintiff in support of his summary judgment motion, plaintiff was a front-seat passenger in the vehicle operated by Ridges at the time of the accident. He sustained injuries that necessitated over two months of hospitalization at a cost of approximately $163,000. Plaintiff had purchased the vehicle in Georgia and obtained automobile insurance on it from an Allstate Insurance Company representative in that State. In April 1996, plaintiff contacted an Allstate representative in Georgia seeking compensation for the damage to his vehicle. He was told that he had full coverage and he could come in and pick up a check for the property damage. In May 1996, a friend drove plaintiff to the Allstate office. Plaintiff went inside and identified himself to an Allstate agent, who then handed him an envelope containing a check for $15,000. Plaintiff was not asked to sign any receipt or release in exchange for the check. He thereafter deposited the check into a savings account. The following language was imprinted in the top left corner of the front of the check:

"INSURED          GLENN SORRYE

"CLAIMANT

"IN PAYMENT OF   FINAL SETTLEMENT OF ANY AND ALL CLAIMS
                 ARISING FROM BODILY INJURY CAUSED BY
                 ACCIDENT ON 11/29/95"

The theory underlying Ridges' first affirmative defense is that plaintiff's negotiation of that check effected an accord and satisfaction discharging plaintiff's personal injury claims against her. In defense of plaintiff's summary judgment motion, Ridges contends that the foregoing evidence, which was entirely uncontroverted, leaves unresolved questions of fact requiring a trial. We disagree. "As a general rule, acceptance of

a check in full settlement of a disputed unliquidated claim operates as an accord and satisfaction discharging the claim" (*Merrill Lynch Realty/Carll Burr, Inc. v Skinner*, 63 NY2d 590, 596). In order for such an acceptance to constitute a binding release, however, "the party to be charged must have been clearly informed that acceptance of payment would have that result" (*Bardi v Farmers Fire Ins. Co.*, 260 AD2d 783, 786, *lv denied* 93 NY2d 815; *see, Hudson v Yonkers Fruit Co.*, 258 NY 168, 174; *Caldwell v Unger*, 177 AD2d 982). Further, because an accord and satisfaction constitutes an executed contract founded upon new consideration, the written instrument must set forth all of the essential elements of a contract and there must be a meeting of the parties' minds (*see, Komp v Raymond*, 175 NY 102, 107-108, 113; *Nassoiy v Tomlinson*, 148 NY 326, 329-331).

In our view, the evidence submitted on plaintiff's summary judgment motion mandates a finding that plaintiff's acceptance of Allstate's check effected no accord and satisfaction. First, the evidence shows that the instrument failed to identify the parties to any alleged contract. Notably, the check makes absolutely no mention of Ridges, and because plaintiff (who had not consulted an attorney at that time) undoubtedly had no appreciation of Allstate's dual role or knowledge that it would be required to provide a defense for and indemnify Ridges in any negligence action that plaintiff might bring against her, he had no realistic means of identifying her as the party being released (*see, Komp v Raymond, supra*, at 108; *Brink v Killeen*, 48 AD2d 823).

Second, in omitting any reference to Ridges or any personal injury cause of action that plaintiff might have against her, the check fails to identify the claim that plaintiff was supposed to be releasing. Further, according to plaintiff's uncontradicted averments, Allstate agents specifically told him that the check constituted payment for the damage to his vehicle and, in view of the fact that Allstate was *his* insurance company and provided collision coverage on his vehicle, it appears that plaintiff had no reason to believe otherwise. Finally, we note that, although communicating that it was given in settlement of all personal injury claims, the check gave no indication that endorsement by the payee constituted a receipt and release of those claims.

Under the circumstances, we conclude as a matter of law that plaintiff was not clearly informed that his acceptance of the $15,000 check would settle or discharge a legitimately disputed unliquidated claim against Ridges (*see, Merrill Lynch*

*Realty / Carll Burr, Inc. v Skinner, supra,* at 596; *Hudson v Yonkers Fruit Co., supra,* at 174), and that there was no accord and satisfaction. Plaintiff's additional contentions need not be considered.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's cross motion for partial summary judgment dismissing defendant Nyesha B.A. Ridges' first affirmative defense; motion granted and plaintiff awarded partial summary judgment dismissing said affirmative defense; and, as so modified, affirmed.